## MITCHELL ET AL. *v.* UNITED STATES.

### APPEAL FROM THE COURT OF CLAIMS.

No. 176. Argued January 15, 1925.—Decided March 2, 1925.

1. The Act of October 6, 1917, c. 79, 40 Stat. 345, to increase facilities for testing ordnance materials, appropriated money to pay for buildings, land, etc., "and damages and losses to persons . . . resulting from the procurement of the land," and provided that, if land and improvements could not be procured by purchase, the

President was authorized to take them over, with all appurtenant rights, and the United States should make just compensation therefor, to be determined by the President; and that if the amount so determined were unsatisfactory to the person entitled, he should be paid 75% of it and be entitled to sue the United States under Jud. Code, §§ 24 and 145, to recover such further sum as added to the 75% would make up just compensation. *Held:*— That persons whose land was taken and who accepted the compensation fixed by the President, were not thereby precluded from claiming additional compensation under the Fifth Amendment, as for a taking of their business, or from claiming damages under the Act itself for the loss of the business. P. 344.

2. It is a settled rule that damages resulting from a loss or destruction of business incidental to a taking of land are not recoverable as part of the compensation for the land taken. *Id.*

3. By its reference to "losses . . . resulting from procurement of land" the above Act doubtless authorized the Secretary of War to consider losses resulting from destruction of business when procuring land by agreement, but it is not to be construed as a departure from the settled policy of Congress to limit compensation for a taking of land to interests in the land taken. P. 345.

58 Ct. Clms. 443; affirmed.

APPEAL from a judgment of the Court of Claims rejecting, after full hearing, a claim for compensation for destruction of appellants' business resulting from the taking of their land and other land in the vicinity.

*Mr. Horace S. Whitman* and *Mr. William L. Marbury,* with whom *Mr. Robert H. Archer* and *Mr. Robert H. Archer Jr.* were on the brief, for appellant.

*Mr. Alfred A. Wheat,* Special Assistant to the Attorney General, with whom *Mr. Solicitor General Beck* and *Mr. Randolph S. Collins* were on the brief, for the United States.

Mr. JUSTICE BRANDEIS delivered the opinion of the Court.

Pursuant to the Act of October 6, 1917, c. 79, 40 Stat. 345, 352, the President declared that the large tract of

land in Maryland now known as the Aberdeen Proving Ground was needed for that military purpose. Proclamations, October 16, 1917 and December 14, 1917, 40 Stat. 1707, 1731. The land was thereafter acquired under that Act from the several owners either by purchase or by eminent domain. Among the parcels acquired by eminent domain was one of 440 acres belonging to the plaintiffs and used by them in the business of growing and canning corn of a special grade and quality. The establishment of the proving ground resulted in withdrawing from such use the available lands especially adapted to the growing of this particular quality of corn. Plaintiffs were consequently unable to reëstablish themselves elsewhere in their former business. For their land, appurtenances and improvements, the President fixed $76,000 as just compensation. For the business, he made no allowance. The sum awarded was accepted without protest. In 1921 this suit was brought to recover $100,000 as compensation for the loss of their business. The Court of Claims, after a hearing upon the evidence, entered judgment for the defendant. 58 Ct. Clms. 443. The case is here on appeal under § 242 of the Judicial Code.

The Act appropriated $7,000,000 for " increasing facilities for the proof and test of ordnance material, including necessary buildings, construction, equipment, land, and damages and losses to persons, firms, and corporations, resulting from the procurement of the land for this purpose." It then provided that, if the land, appurtenances and improvements could not be procured by purchase, the President was authorized to take over the immediate possession and title for the United States; that just compensation to be determined by the President should be made therefor; and that if the compensation so determined should prove unsatisfactory to the person entitled to receive it, he was to be paid seventy-five per cent. of that amount and was to be entitled to sue for whatever

further sum was required for just compensation. Plaintiffs make two contentions. The first is that, because the business was destroyed, they can recover, under the Fifth Amendment, as for a taking of the business upon a promise implied in fact, under the doctrine of *United States* v. *Great Falls Manufacturing Co.,* 112 U. S. 645. The second contention is that, under the terms of the Act, they can recover damages for loss of the business although it may not have been taken. In support of each contention, they rely, among other things, upon the findings of fact that, before the passage of the Act, a representative of the War Department had given assurance publicly that compensation would be paid not only for the land taken by the Government but also for all injuries and losses sustained by any person as a result of the establishment of the proving ground; and that, both before and shortly after the passage of the Act, the Secretary of War had given somewhat similar assurances.

The mere fact that compensation for the taking of the land was fixed by the President and was accepted does not bar recovery on the present claim, whether the suit be deemed to be upon a promise implied in fact for a taking or for the recovery of statutory damages. The claim now asserted is on account of property other than that for which the Act provided that compensation should be made upon the President's determination. Acceptance of the award did not operate, under the doctrine of *United States* v. *Childs & Co.,* 12 Wall. 232, as a voluntary settlement of this claim. There are, however, other obstacles to a recovery. The Act authorized the taking only of "land and appurtenances and improvements attached thereto." And it did not declare that compensation should be made for losses resulting from the establishment of the proving ground.

The special value of land due to its adaptability for use in a particular business is an element which the owner

of land is entitled, under the Fifth Amendment, to have considered in determining the amount to be paid as the just compensation upon a taking by eminent domain. *Boom Co.* v. *Patterson,* 98 U. S. 403, 408; *New York* v. *Sage,* 239 U. S. 57, 61. Doubtless such special value of the plaintiffs' land was duly considered by the President in fixing the amount to be paid therefor. The settled rules of law, however, precluded his considering in that determination consequential damages for losses to their business, or for its destruction. *Joslin Manufacturing Co.* v. *Providence,* 262 U. S. 668, 675. Compare *Sharp* v. *United States,* 191 U. S. 341; *Campbell* v. *United States,* 266 U. S. 368. No recovery therefor can be had now as for a taking of the business. There is no finding as a fact that the Government took the business, or that what it did was intended as a taking. If the business was destroyed, the destruction was an unintended incident of the taking of land. There can be no recovery under the Tucker Act if the intention to take is lacking. *Tempel* v. *United States,* 248 U. S. 121. Moreover, the Act did not confer authority to take a business. In the absence of authority, even an intentional taking cannot support an action for compensation under the Tucker Act. *United States* v. *North American Co.,* 253 U. S. 330.

By including in the appropriation clause the words " losses to persons, firms, and corporations, resulting from the procurement of the land for this purpose," Congress doubtless authorized the Secretary of War to take into consideration losses due to the destruction of the business, where he purchased land upon agreement with the owners. But it does not follow that, in the absence of an agreement, the plaintiffs can compel payment for such losses. To recover, they must show some statutory right conferred. States have not infrequently directed the payment of compensation in similar situations. The constitutions of some require that compensation be made for con-

sequential damages to private property resulting from public improvements. *Chicago* v. *Taylor,* 125 U. S. 161; *Richards* v. *Washington Terminal Co.,* 233 U. S. 546, 554. Others have, in authorizing specific public improvements, conferred the right to such compensation.[1] *Ettor* v. *Tacoma,* 228 U. S. 148; *Joslin Manufacturing Co.* v. *Providence,* 262 U. S. 668. Congress had, of course, the power to make like provision here. Compare *United States* v. *Realty Co.,* 163 U. S. 427. But the mere reference in the appropriation clause to losses " resulting from the procurement of the land for this purpose " does not confer such a right. The settled policy of Congress, in authorizing the taking of land and appurtenances, has been to limit the right to compensation to interests in the land taken. The only act called to our attention in which was conferred a right to compensation for injury to property other than an interest in the land taken is the statute involved in *United States* v. *Alexander,* 148 U. S. 186, which was passed more than forty years ago, and in which the injury provided for was a direct result of the taking. We need not consider other objections to a recovery.

*Affirmed.*

---

[1] See, for example, *Earle* v. *Commonwealth,* 180 Mass. 579; *Allen* v. *Commonwealth,* 188 Mass. 59; Mass. Acts and Resolves, 1895, c. 488, § 14; 1896, c. 450; 1898, c. 551; *Matter of Board of Water Supply,* 211 N. Y. 174.