Whaley, Judge,
delivered the opinion of the court:
This is one (Senate bill 1527) of a number of cases referred to this court under Senate Congressional Reference, Resolution No. 170, 67th Congress, 2d session.
The plaintiff was a tenant of the Bush Terminal Buildings Company and engaged in the manufacture of matches. Under twm leases it occupied 27,089 square feet of space at a stipulated rental of $8,423.95 per annum. The machinery in plaintiff’s plant was rented from the Campus Machinery Company. On June 19,1918, the defendant served on plaintiff a commandeer order requiring possession of plaintiff’s leaseholds as soon as plaintiff could vacate and not later than December 1, 1918. After receipt of this order plaintiff endeavored to secure suitable quarters for its business and being unable to procure a desirable location, determined to cease business and place its plant in storage. On September 9, 1918, the defendant canceled the order for possession of the leases. When this revocation order was received the plaintiff was in the act of dismantling its plant and continued to dismantle until it was all stored in another location. After the plaintiff had received the order of cancellation, the exact date is not shown, the plaintiff assigned one of its leases to the Talcum Puff Company for the sum of $6,000, of which sum $3,000 represented the estimated value of the improvements that plaintiff had installed upon the premises for its own peculiar needs and the remaining $3,000 was the estimated value of the lease over and above the stipulated rental for the unexpired term.
This suit is brought to recover just compensation for the taking of plaintiff’s property. All that the Government took were the leases and these leases were returned to plaintiff on September 9, 1918, and jDlaintiff accepted them. Subsequently, plaintiff made a sale of one which not only reimbursed it for all expenses for improvements but gave it a profit on the lease. The plaintiff is entitled to recover the value of the thing taken by the Government, which, in this instance, is the leasehold. But what was taken was subsequently returned and accepted by the plaintiff and no value has been proved for the slight disturbance of pos *438 session while the commandeer order was in effect. The defendant was never in physical possession of the leaseholds and the plaintiff never was out of possession. There can be no recovery, the plaintiff having failed to prove a taking for which it should be compensated.
As the plaintiff elected to go out of business, and not move to another site, a claim is made for the value of the business as a going concern. Under the commandeer order the defendant did not requisition plaintiff’s business, only the leases.
In Mitchell v. United States, 267 U. S. 341, 345, it is held:
“No recovery therefor can be had now as for a taking of the business. There is no finding as a fact that the Government took the business, or that what it did was intended as a taking. If the business was destroyed, the destruction was an unintended incident of the taking of land. There can be no recovery under the Tucker Act if the intention to take is lacking.”
Other items such as the cost of taking down and boxing the machinery, the value of office partitions, electrical equipment, etc., are alleged as losses. None of the items can be included in the value of what was taken. All of them are inconveniences and expenses incident to the surrender of possession and are not elements to be considered in determining the compensation to which the owner is entitled. In addition, no satisfactory proof has been offered of their actual payment. There can be no recovery for these items.
The cause of action is for the taking of private property for public use, and, therefore, comes within the general jurisdiction of this court. Barnes v. United States, 46 C. Cls. 7.
The petition is dismissed. It is so ordered.
Williams, Judge; LittletoN, Judge; Geeen, Judge; and Booth, Chief Justice, concur.