UNITED STATES v. CERTAIN PARCELS OF LAND IN CITY OF SAN DIEGO, SAN DIEGO COUNTY, CAL.

Civil Action No. 274-SD.

District Court, S. D. California, S. D.

Feb. 19, 1944.

Irl D. Brett and C. H. Scharnikow, Sp. Assts. to Atty. Gen., for plaintiff.

Zagon, Aaron & Sandler, of Los Angeles, Cal., for defendant Don Lee, Inc.

YANKWICH, District Judge.

The motion of the plaintiff to strike from the answer of the defendant, Don Lee, Inc., a corporation, the whole of paragraph 8 of said answer and the whole portion of the answer designated Counterclaim, heretofore argued and submitted on briefs, is now decided as follows:

The said motion is granted and the whole of paragraph 8 of said answer contained on page 3, line 22 to page 4, line 14 of said answer and the whole of that portion of said answer designated and entitled Counterclaim contained on page 4, line 16 to page 6, line 20 of said answer and each of them are hereby ordered stricken.

 The question propounded by the motion to strike paragraph 8 is whether the cost of fixtures constructed on the property by the lessee is compensable. That and other expenditures made by the lessee are compensable, not as such, but only in so far as they have enhanced the market value of the leasehold. While an expert, or even the owner, in determining the value of the leasehold for the unexpired term, may take into consideration the value of the improvements, they are not compensable separately. Nor can a separate award be made for them. This question was before me in a San Diego case which I tried without a jury last summer, and I ruled as indicated. No. 230 Civ. U. S. v. Parcel C-27, involving Garnett, Hastings and Van's Market leasehold, no opinion. Waiving the question whether a counterclaim is proper in a condemnation action, I am of the view that the damages sought in the counterclaim—loss of profits and expenses of moving and removing—are not compensable in condemnation proceedings. This problem, as the problem presented by the claims for fixtures, presents a question not of procedure but of substantive law. The United States Supreme Court in United States v. Miller, 1943, 317 U.S. 369, 63 S.Ct. 276, 87 L.Ed. 336, 147 A.L.R. 55, gave us notice that, henceforth, matters of substantive right, including the criteria to be recognized in determining value, are to be governed by federal law. That decision also indicates that the court intends to follow rather strict rules in determining compensation and not some of the looser rules obtainable in some states allowing consequential damages not directly connected with the taking. I am quite certain that the precedents, both federal and state, including those from our own Ninth Circuit Court of Appeals, which exclude loss to business, will be followed. See Mitchell v. United States, 1925, 267 U. S. 341, 346, 45 S.Ct. 293, 69 L.Ed. 644; Joslin Mfg. Co. v. City of Providence, 1923, 262 U.S. 668, 675, 43 S.Ct. 684, 67 L.Ed. 1167; Puget Sound Power & Light Co. v. Puyallup, 1931, 9 Cir., 51 F.2d 688, 694; Futrovsky v. United States, 1933, 62 App.D. C. 235, 66 F.2d 215, 217; City of Los Angeles v. Klinker, 1933, 219 Cal. 198, 25 P.2d 826, 832, 90 A.L.R. 148; City of Long Beach v. Wright, 1933, 134 Cal.App. 366, 25 P.2d 541, 546; Potomac Electric Power Co. v. United States, 1936, 66 App.D.C. 77, 85 F.2d 243.

Hence the ruling above made.