### UNITED STATES v. 0.64 ACRES OF LAND IN LOS ANGELES COUNTY et al.

#### Civil Action No. 3206–Y.

District Court, S. D. California, Central Division.

March 11, 1944.

Irl D. Brett and Leland L. Yost, Sp. Assts. to Atty. Gen., and Reuben Rosensweig, Sp. Atty., of Los Angeles, Cal., for plaintiff.

Gibson, Dunn & Crutcher and Henry F. Prince, all of Los Angeles, Cal., for defendant United States Gypsum Co.

YANKWICH, District Judge.

The motion of the plaintiff to strike paragraph 9 of the answer of the defendant United States Gypsum Co., a corporation, heretofore argued and submitted, is now decided as follows:

The said motion is granted, and the whole of said paragraph 9 of said answer is hereby ordered stricken.

The determination of this motion is governed by the memorandum filed by me on February 19, 1944, in No. 274–S.D., Civil, United States v. Certain Parcels of Land, 54 F.Supp. 561, in which I ordered stricken from the answer moving and removing costs claimed by a tenant whose leasehold was condemned. In view of counsel's insistence that a different rule should apply where the owner himself occupies the property and the Government seeks to condemn a leasehold interest only, I have given the matter further consideration. About the only case which I did not have before me when deciding the other matter is the recent opinion of the Seventh Circuit Court of Appeals in General Motors Corporation v. United States, 140 F.2d 873, wherein a majority of the court approves the allowance of moving costs. If it be conceded that the rule is correct when applied to a tenant other than the owner, I cannot see why a different rule should apply where the owner of the fee is the occupant. And if—as even the majority opinion in General Motors Corporation v. United States case, supra, concedes—, the cost of relocation is not an element to be considered in an award on the taking of the fee (see Joslin Mfg. Co. v. City of Providence, 1923, 262 U.S. 668, 43 S.Ct. 684, 67 L.Ed. 1167; Potomac Electric Power Co. v. United States, 1936, 66 App. D.C. 77, 85 F.2d 243), no sound reason compels its allowance when less than the fee is taken. The just compensation guaranteed by the Constitution must be just to both sides. Had a principle of law which would allow relocation cost when the owner occupies the premises and deny it when a tenant occupies them would establish a criterion of differentiation which has no reasonable foundation in fact.

Hence the ruling above made.