## UNITED STATES v. JARAMILLO et al.
### No. 4203.

United States Court of Appeals
Tenth Circuit.
June 21, 1951.

John C. Harrington, Washington, D.C., (A. Devitt Vanech, Washington, D.C., Lorenzo A. Chavez, William B. Robinson, Albuquerque, N.M., and Roger P. Marquis, Washington, D.C., on the brief), for appellant.

Claud S. Mann, Albuquerque, N.M., for appellees.

Before PHILLIPS, Chief Judge, and MURRAH and PICKETT, Circuit Judges.

MURRAH, Circuit Judge.

Like United States v. Cox (United States v. Beasley), 10 Cir., 190 F.2d 293, this appeal involves the correct measure of just compensation for the taking for war purposes ranching lands in the State of New Mexico. The appellee, Manuel Jaramillo, was the owner of 33 acres of land in Bernalillo County, New Mexico. He was the lessee of 90 acres from the State of New Mexico, and held a grazing permit for 48 head of cattle on about 25 sections of public domain in the Cibola National Forest, which adjoined or touched the state land on the east.

By appropriate condemnation proceedings, instituted August 2, 1948, the Government took appellee's fee and leased land as a part of a total of 20,061 acres, to be used for war purposes. But, unlike the Cox and Beasley cases, the project did not contemplate the acquisition of the forest land covered by appellee's permit. His permit thereon was not revoked by the taking, and the Forest Service has issued him an amended grazing permit for 25 head of cattle in the same area. [1]

In a trial to a jury on appeal from the Commissioners' award, the rancher introduced evidence to the effect that the fairest and best use of the properties at the time the Government took them was a small cattle ranch. Over the general objections of the Government the witnesses for the ranchers were permitted to separately evaluate the fee land, the leased land and the permit land. Thus, one witness estimated the value of the permit land at $5,635.00, another at $6,000.00, and they based their opinion of the fair value of the fee land taken on the aggregate of the separate valuation of the fee, leased and permit lands, plus the improvements.

The trial court instructed the jury, as it did in the Cox and Beasley cases, that in fixing the fair value of the fee land taken, they were not permitted to award the

---

1. While the original permit was for 48 head of cattle, appellee grazed 25 head, and this is the apparent reason for the renewed permit for 25 head of cattle.

rancher any value for the permit land "because those lands belong to the United States and you cannot compensate Mr. Jaramillo for lands which already belonged to the United States." The jury was further instructed, however, that on the date of the taking of the lands, Mr. Jaramillo did have a grazing permit for 48 head of cattle, and that the jury should take that fact into consideration in determining the value of the fee lands and state lease, giving to the fee land and the leased land such added value as in its judgment should be given on account of the availability and accessibility of the permit land. No objections or exceptions were taken to these instructions.

On appeal, the Government takes the same position as it did in the Cox and Beasley cases, to the effect that since the ranchers had no compensable interest in the permit land, it cannot be taken into consideration in determining just compensation for the fee land. The position of the Government fails to take into account the fact that in this case, on the date of the taking, the forest permits had not been revoked or withdrawn, but were available and accessible to the rancher as a part of his ranching unit.

 In the judicial determination of fair value as just compensation for the land taken, the highest and most profitable use for which it is reasonably adaptable may be considered, "not necessarily as the measure of value, but to the full extent that the prospect of demand for such use affects the market value while the property is privately held." Olson v. United States, 292 U.S. 246, 255, 54 S.Ct. 704, 709, 78 L.Ed. 1236. See also Boom Co. v. Patterson, 8 Otto 403, 98 U.S. 403, 408, 25 L.Ed. 206; Mitchell v. United States, 267 U.S. 341, 344, 45 S.Ct. 293, 69 L.Ed. 644; McCandless v. United States, 298 U.S. 342, 56 S.Ct. 764, 80 L.Ed. 1205; United States ex rel. T.V.A. v. Powelson, 319 U.S. 266, 275, 63 S.Ct. 1047, 87 L.Ed. 1390; 2 Lewis Eminent Domain, 3d Ed., Sec. 707, p. 1233. All rights, easements and privileges appurtenant thereto should be considered in estimating its fair value or compensation to be paid, taking into account also the possibility of their being discontinued without resulting obligation. 2 Lewis Eminent Domain, 3d Ed., Sec. 721, p. 1262. In determining the adaptability of the lands as a ranch, it was therefore proper to take into consideration the availability and accessibility of the permit land as an appurtenant element of value for ranching purposes, provided that consideration is also given to the possibility that the permits could be withdrawn or cancelled by the Government at any time without constitutional obligation to pay compensation therefor. To this extent, this case is distinguishable on facts from the Cox and Beasley cases, where the grazing permits were revoked coincidental with the taking of the fee.

 Like schools, roads, markets, water and other appurtenant elements of value, it was proper to take the available and accessible permit lands into consideration in arriving at just compensation for the fee lands taken, but it was improper, we think, to separately value the permit land and add it to the estimated value of the fee and leased land in arriving at just compensation for that which was taken. Cf. United States v. Meyer, 7 Cir., 113 F.2d 387, 397; Morton Butler Timber Co. v. United States, 6 Cir., 91 F.2d 884. The rancher could no more separately value the permit land than he could the timber or minerals on the fee land, or benefits of the schools, churches, roads and markets, all of which influence fair value as a component but inseparable part. 2 Lewis Eminent Domain, 3d Ed., Sections 724 and 725. While the court's instructions correctly state the law, the jury's verdict is necessarily based upon inadmissible evidence of the separate value of the permit land, and it cannot stand.

The judgment is accordingly reversed with directions to proceed in accordance with the views herein expressed.