THE IMPROVED PARCEL OF LAND, KNOWN AS NO. 400 MARYLAND AVENUE, With the buildings thereon erected, situate in the City of Wilmington, New Castle County and State of Delaware, Containing approximately 1793.95 square feet; JOHN WOJDAK, HELEN WOJDAK, his wife; NICHOLAS G. KLEDARAS, and UNKNOWN OWNERS, Defendants Below, Appellants, v. THE STATE OF DELAWARE, upon the relation of the STATE HIGHWAY DEPARTMENT, Plaintiffs Below, Appellee.

(*May* 14, 1964.)

TERRY, C. J., WOLCOTT and CAREY, J. J., sitting.

*Morton E. Evans* for Nicholas G. Kledaras.

*David A. Eastburn* and *Edmund J. Bodziak* for the Wojdaks.

*William D. Bailey, Jr.* (of Herrmann, Bayard, Brill and Russell) for the State of Delaware.

Supreme Court of the State of Delaware, No. 6, 1964.

WOLCOTT, Justice.

This is an appeal from an order entered in the Superior Court denying the right of the appellant, a tenant, to participate in condemnation proceedings as a result of which the fee under lease to him was taken by the State and an order of possession entered ejecting the tenant from the premises.

In substance, the result of the action in the court be-

low was to hold that a tenant has no compensable interest in land taken while his lease is still in effect. Fundamentally, this is the sole question before us.

■ We are of the opinion that this question has been ruled in favor of the tenant in two cases decided by this Court which are controlling of the matter. See *Roffman v. Wilmington Housing Authority,* Del., 179 A.2d 99, and *State v. 0.15 Acres of Land,* Del., 169 A.2d 256. On the authority of these two cases, therefore, this case must be reversed and remanded to permit the tenant to prove the damages resulting from the taking of his leasehold interest.

The foregoing actually is sufficient to dispose of this appeal. We are asked, however, by the appellant and by the other parties to go further than this. In substance, they seek a ruling as to the nature of the compensation to which a tenant is entitled, not only for the guidance of the trial court in this case but for the guidance of the State in future condemnation proceedings.

■ In *State v. 0.15 Acres of Land,* we laid down the rule that a defendant tenant's damages from condemnation is the fair market value of his leasehold. This value is represented by a price which would be agreed upon by a willing seller and a willing buyer under usual and ordinary circumstances without any compulsion to either buy or sell.

■ ■ As with all other questions of valuation the method of proving a fair market value occasions some difficulty. It is of course fundamental that fair market value may be established by the opinion testimonoy of expert witnesses who are qualified to give such opinions. In addition, in *Wilmington Housing Authority v. Ploener,* No. 63 C.A.1960, an unreported decision of the Superior

Court, evidence was accepted of the income and expenses of the business carried on in the leasehold premises over a five-year period prior to the taking as an aid to the Commissioners in determining the fair market value of the leasehold interest. In *State v. 0.15 Acres of Land,* we approved a similar acceptance of evidence in the trial of that case. It is true that the evidence of income and expenditure in that case was received without objection on the State's part, but we think our citing with approval *State Roads Commission v. Novosel,* 203 Md. 619, 102 A.2d 563, a case with somewhat similar circumstances, amounted to a ruling that irrespective of the lack of objection, such evidence is admissible as an aid in the fixing of the fair market value of the lease.

Appellant argues that the condemnation has resulted in the taking of his business and that he is entitled to damages by reason of that fact. The difficulty with this argument is that the major premise is in error. The State has taken the fee simple title including all leasehold interests. It has not taken the appellant's business. He is free to carry that business on at some other location if he so desires. The general rule applied also in this State, see *Wilmington Housing Authority v. 312 East 8th Street,* Del.Super., 191 A.2d 5, is that an owner is entitled solely to compensation for "property" taken and not for a business which of necessity must move by reason of the taking.

Appellant also asks to be compensated for certain consequential damages resulting from the General Freeway Plan of which this particular condemnation is a part. In substance, the argument is that other takings of land in the neighborhood reduced the number of customers using the appellant's business to his consequent damage. These damages, however, if existent, are at best

remote and not susceptible of proof, and it seems to be well settled that no recovery for consequential damage may be had in a condemnation proceeding. *Mitchell v. U.S.*, 267 U.S. 341, 45 S.Ct. 293, 69 L.Ed. 644.

For the foregoing reasons the judgment below is reversed and the cause is remanded with instructions to take further proceedings to permit appellant to prove the amount of damages suffered by reason of the taking of his leasehold interest.