**William P. HOOTEN, Appellant,**

v.

**UNITED STATES of America et al.,**
**Appellees.**

**No. 26279.**

United States Court of Appeals
Fifth Circuit.

Jan. 20, 1969.

Albert Armendariz, El Paso, Tex., for appellant.

Clyde O. Martz, Asst. Atty. Gen., Roger P. Marquis, Robert M. Perry, Attys., Dept. of Justice, Washington, D. C., Ernest Morgan, U. S. Atty., El Paso, Tex., Charles Andrew Gary, First Asst. U. S. Atty., San Antonio, Tex., for appellees.

Before GOLDBERG and MORGAN, Circuit Judges, and LIEB, District Judge.

PER CURIAM:

This is another case arising out of land condemnations by the United States in furtherance of the Chamizal Settlement with Mexico.[1] William P. Hooten, the appellant, alleged in his complaint that he was the owner of the Lee Newman Agency, which counted among its assets certain contracts with the owners of four tenement properties in the Chamizal tract. Under these management contracts the agency was to collect the rents and retain a portion thereof as commissions. The United States condemned the four tenement properties and, as an incidental consequence of such taking, the agency's contracts were truncated.

Hooten claimed that when the government took the fee in the four tenement properties, it also took his interest in the management contracts and that under the Fifth Amendment he is entitled to just compensation for such taking. The district court, however, disagreed and entered summary judgment for the government. We affirm.

It is well settled that where a business is damaged or destroyed incident to the condemnation of land, such losses are not compensable under the Fifth Amendment. United States v. Petty Motor Co., 1945, 327 U.S. 372, 377–378, 66 S.Ct. 596, 90 L.Ed. 729, 734–735, reh. denied, 327 U.S. 818, 66 S.Ct. 813, 90 L.Ed. 1040; United States, ex rel. Tennessee Valley Authority v. Powelson, 1942, 319 U.S. 266, 281–283, 63 S.Ct. 1047, 87 L.Ed. 1390, 1400–1402; Southern Amusement Company v. United States, 5 Cir. 1959, 265 F.2d 34, 37. In Mitchell v. United States, 1924, 267 U.S. 341, 45 S.Ct. 293, 69 L.Ed. 644, the owner was denied compensation for the destruction of his business which resulted from the taking of his land for

---

1. The Chamizal is an area of land on the north bank of the Rio Grande, within the city limits of El Paso, Texas. Because of the change in the course of the river to the south and resulting boundary dispute of long standing between the United States and Mexico, both countries entered into *The Convention for the Solution of the Problem of the Chamizal,* and the Chamizal Settlement was entered into force on January 14, 1964, 15 U.S.T. 21; T.I.A.S. 5515. By virtue of this settlement, the Chamizal Project was established to relocate the channel of the Rio Grande and 366 acres in the Chamizal area of El Paso, Texas, were transferred to Mexico. Consequently, acquisition of all private rights within the area to be transferred was necessary.

a public project. The Supreme Court, after noting that "settled rules of law" precluded a consideration of "consequential damages" for losses of a business or its destruction, declared:

"No recovery therefor can be had now as for a taking of the business. There is no finding as a fact that the government took the business, or that what it did was intended as a taking. If the business was destroyed, the destruction was an unintended incident of the taking of land." 267 U.S. at 345, 45 S.Ct. at 294, 69 L.Ed. at 648.

And in Omnia Commercial Co. v. United States, 1922, 261 U.S. 502, 513, 43 S.Ct. 437, 439, 67 L.Ed. 773, 777, the Supreme Court said:

"In the present case the effect of the requisition was to bring the contract to an end, not to keep it alive for the use of the government.

"The government took over during the war railroads, steel mills, shipyards, telephone and telegraph lines, the capacity output of factories and other producing activities. If appellant's contention is sound, the government thereby took and became liable to pay for an appalling number of existing contracts for future service or delivery, the performance of which its action made impossible. This is inadmissible. Frustration and appropriation are essentially different things."

The mandate of the Supreme Court is clear and, accordingly, we hold that Hooten is not entitled to compensation for the contracts lost as a result of the takings in fee. See Klein v. United States, 1967, 375 F.2d 825, 829, 179 Ct.Cl. 910, cert. denied, 389 U.S. 1037, 88 S.Ct. 770, 19 L.Ed.2d 824, reh. denied, 390 U.S. 975, 88 S.Ct. 1023, 19 L.Ed.2d 1192. The judgment of the district court is

Affirmed.