**OCHOA REALTY CORPORATION, Plaintiff,**

v.

**Rafael A. FARIA, Luis E. Landrau, Luis F. Quiñones, Dario Hernandez-Torres, John Doe and Richard Roe, et al., Defendants.**

**Civ. No. 84–2681CC.**

United States District Court, D. Puerto Rico.

April 17, 1986.

724

Wallace González-Oliver and Jorge R. Jiménez, Hato Rey, P.R., Robert E. Schneider, Jr., Santurce, P.R., Juan E. Rodríguez-Díaz, Hato Rey, P.R., for plaintiff.

Alvaro R. Calderón, Hato Rey, P.R., Héctor Rivera-Cruz, Secretary of Justice, Jorge E.E. Pérez-Díaz, Director, Federal Litigation Div., Doris D. Hernández-Díaz, Atty., Dept. of Justice, Com. Puerto Rico, San Juan, P.R., for defendant.

## OPINION AND ORDER

CEREZO, District Judge.

This is an action filed under 42 U.S.C. Sections 1983–1985 against several officers of the Commonwealth of Puerto Rico for alleged deprivation of plaintiff's constitutional rights. Defendants are the former Secretary of the Department of Transportation and Public Works of the Commonwealth of Puerto Rico, the present Secretary of that government agency, the Executive Director of the Puerto Rico Highway Authority and the Executive Director of the Puerto Rico Land Administration. It is alleged in the complaint that defendants by designing and locating on plaintiff's property the so-called Ramal-Este Highway and Agua-Guagua projects, eight and ten years prior to the filing of the complaint, have destroyed its value and rendered it useless "as a result of the fragmentation and mutilation that such property would undergo if the designs should materialize." It is alleged that in 1969 and 1970 plaintiff was unable to sell its property at a very profitable price because of the existence of these plans and that efforts to lot it were also unsuccessful when the defendants refused to approve plaintiff's lotting plans. Plaintiff requests that this Court issue an injunction against the defendants ordering them to declassify and restore plaintiff's property to its original state and condition. As a second cause of action it asks for damages in the amount of $18,000,000.00.

On March 27, 1985 the Commonwealth of Puerto Rico, through the Secretary of Transportation and Public Works filed a petition with the Superior Court of Puerto Rico, San Juan Part, seeking condemnation of some, but not all, of plaintiff's property pursuant to 22 LPRA sections 6, *et seq.*, 3 LPRA section 413a, 9 LPRA sections 2001–2004(n) and 32 LPRA section 2901, *et seq.* The sum of $1,023,151.00 was deposited with the court as compensation for the properties condemned. Those proceedings were removed to this court, but were later remanded to the Superior Court for lack of jurisdiction on removal. Defendants Rafael A. Faría and Luis E. Landrau, Secretary of Transportation and Public Works and Executive Director of the Puerto Rico Highway Authority, respectively, have moved to dismiss this action on the grounds that it has become moot by the filing of the condemnation proceedings. A previous motion to dismiss was filed by these defendants claiming the sovereign's immunity under the Eleventh Amendment of the United States Constitution, alleging that the complaint fails to state a cause of action in that it does not allege specific acts of the defendants amounting to a constitu-

tional deprivation and contending that the cause of action alleged is one for the inverse condemnation of plaintiff's property, improperly brought before this court. See *Pamel Corp. v. Puerto Rico Highway Authority*, 621 F.2d 33 (1st Cir.1980); *Citadel Corp. v. Puerto Rico Highway Authority*, 695 F.2d 31, 33–34 (1st Cir.1982). For the reasons that follow defendants Faria and Landrau's motions to dismiss are GRANTED.

In *Pamel*, 621 F.2d 35–36, the Court of Appeals recognized a cause of action for arbitrary and oppressive zoning but limited the federal remedy to the voiding of the offending restriction. The Court stated:

> A zoning regulation that exceeds the permissible bounds of the police power does not in reality confiscate the property, but regulates with oppressive or arbitrary severity. "Absent factors of government displacement of private ownership, occupation or management, there [is] no 'taking' within the meaning of the constitutional limitations." *Fred F. French Inv. Co., Inc. v. City of New York, supra*, 39 N.Y.2d [587] at 595, 385 N.Y.S.2d [5] at 10, 350 N.E.2d [381] at 386 (citation omitted). A court does not declare that an offensive zoning regulation has taken the property, but that the government cannot impose the restriction without formally paying for it.

> Federal enforcement of the inverse condemnation remedy would be a singularly inappropriate intrusion into the states' traditional domains of property law and land use policy. The federal constitutional right can be secured to the individual without forcing the state to purchase his property. Voiding the offending restriction will make the owner whole. *See* Note, *Inverse Condemnation: Its Availability in Challenging the Validity of a Zoning Ordinance*, 26 Stan.L.Rev. 1439, 1452 (1974). Moreover, once the constitutional line has been drawn, the state or local authority administering the complex structure of land use controls should be free to decide whether the expected benefits from the restriction are worth the cost of the required compensation. *Id.* at 1450–51.

■ In this case, however, the local government has already filed condemnation proceedings to acquire plaintiff's property. Assuming that plaintiff adequately stated a cause of action based on oppressive zoning regulations, the federal remedy would, therefore, be unnecessary and meaningless. Furthermore, it would be just as improper to require the local government not to expropriate plaintiff's property as it would be to require it to do so. The first cause of action for injunctive relief is, therefore, MOOT. This conclusion is not affected by the fact that the condemnation proceedings are limited to part and not to all of plaintiff's property since severance damages are recoverable in Puerto Rico, see *Commonwealth of Puerto Rico v. Fonalledas*, 84 PRR 552 (1962) and plaintiff does not state nor specify that the remainder of its property is subject to zoning restrictions.

As to the second cause of action for damages, defendants Faria and Landrau contend that it is in reality one for inverse condemnation improperly filed in federal court and, in any event, moot as well since the filing of the condemnation proceedings in the Commonwealth courts. They further allege that this is an action for damages against the sovereign and, as such, barred by the Eleventh Amendment. Plaintiff's reply to these contentions is that it does not seek inverse condemnation of its property, that the damages sought do not equal the value of the property and that it does not seek an award against the Commonwealth of Puerto Rico or any of its instrumentalities.

The nature of the damages sought by plaintiff, however, is unclear. It appears from the allegations of the complaint that it seeks to be compensated for loss of business, interests, property taxes and administrative and legal expenses incurred by reason of the allegedly unconstitutional conduct. On the other hand, the nature of plaintiff's business is not specified and it appears that plaintiff's principal concern is

not having been able to sell the property at profitable prices. Assuming, however, that plaintiff is seeking consequential damages generally not allowed against the sovereign in condemnation cases under the Fifth and the Fourteenth Amendments of the Constitution, see *United States v. Bodcaw Company,* 440 U.S. 202, 99 S.Ct. 1066, 59 L.Ed.2d 257 (1979); *United States v. Powelson,* 319 U.S. 266, 281–83, 63 S.Ct. 1047, 1055–57, 87 L.Ed. 1390 (1943); *Dohany v. Rogers,* 281 U.S. 362, 368, 50 S.Ct. 299, 302, 74 L.Ed. 904 (1930); *Mitchell v. United States,* 267 U.S. 341, 45 S.Ct. 293, 69 L.Ed. 644 (1925), and said cause of action is therefore not moot by the filing of the local condemnation proceedings, the complaint fails to state a claim against the moving defendants by failing to allege specific acts of these defendants amounting to a constitutional deprivation or connecting these defendants with some conspiracy to violate plaintiff's constitutional rights and must, therefore, be dismissed.

Plaintiff's claim is premised on the theory of a civil conspiracy to violate constitutional rights. The complaint charges defendants collectively and their predecessors with "acting in concert with other officials and agencies of the Commonwealth of Puerto Rico," for more than ten years prior to the filing of the complaint, having "designed and located on the property the so-called Ramal-Este Highway Project, which destroyed the value of the property and rendered it useless as a result of the fragmentation and mutilation that such property would suffer if the design became a reality" and, for more than eight years prior to the filing of the complaint, "designing and locating on the property a part of the Agua-Guagua Project which has destroyed the value of the property and rendered it useless as a result of the fragmentation and mutilation that such property would undergo if the designs should materialize." This, according to the complaint, was done "unlawfully and illegally, without any notice and without any compensation whatsoever."

In this type of cases, "federal courts have come to insist that the complaint state with specificity the facts that, in the plaintiff's mind, show the existence and the scope of the alleged conspiracy." *Slotnick v. Staviskey,* 560 F.2d 31, 33 (1st Cir.1977). It has been stated that "complaints cannot survive a motion to dismiss if they contain conclusory allegations of conspiracy but do not support their claims with references to material facts. *id.* See also *Kadar Corp. v. Milbury,* 549 F.2d 230, 233 (1st Cir.1977). Furthermore, although complaints are to be liberally construed and "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957), they must give defendants "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.,* at 47, 78 S.Ct. at 103.

The complaint in the instant case lacks the required specificity either to state a cause of action or to give the defendants fair notice of what is claimed against them. Only two facts are alleged in the complaint. These are the designing and planning of projects for mass transportation through plaintiff's property and the denial of permits for the lotting of the property. The complaint fails to specify, however, how or why the designing of the projects or the denial of the permits was "unreasonable," "oppressive," "abusive," "discriminatory," illegal or unlawful. It does not state that the designs form part of any official map or that the restrictive "P" zoning has been applied to plaintiff's property. Cf. *Urbanizadora Versalles, Inc. v. Rivera-Rios,* 701 F.2d 993, 994–995, 996 (1st Cir.1983) (legal effect of "official map" is to reserve the land for future public improvements or condemnation and the landowner who later builds on land affected by the map will not be entitled to compensation for improvements when and if the land is condemned. Similarly, "[a] P zoning 'constitutes almost a total freezing'" of the property (quoting from *Heftler International, Inc. v. Planning Board,* 99 P.R.R. 454, 461 (1978)). It

is only alleged that the mere design of a highway through the property, with none of the prohibitions which accompany, for example, the "P" zoning regulations, frustrated the sale of said property at profitable prices when prospective buyers discovered the possibility that a highway would pass through the property, which might be expropriated for such purpose in the future. However, plaintiff may not establish a "taking" within the meaning of the Fifth and the Fourteenth Amendments of the Constitution "simply by showing that [it has] been denied the ability to exploit a property interest that [it] heretofore had believed was available for development." *Penn Central Transportation Company v. City of New York*, 438 U.S. 104, 130, 98 S.Ct. 2646, 2662, 57 L.Ed.2d 631 (1978). Furthermore, mere diminution in property value does not constitute such a "taking." *Id.*

In addition to not stating a cause of action for violation of plaintiff's constitutional rights, the complaint fails to give the defendants any notice as to specific acts committed by them individually which either directly violated plaintiff's constitutional rights or linked the defendants to a civil conspiracy to violate such rights. Since the only facts alleged appear to have occurred eight and ten years before the filing of the complaint it is highly probable that the defendants did not personally perform any of these acts. Plaintiff's attempt to impose personal liability upon the defendants for acts of their predecessors by means of conclusory allegations of a conspiracy, without alleging more than the fact that they now occupy their predecessor's positions is against the notions of fairness and due process.

For the reasons stated, defendants Faria and Landrau's motions to dismiss are GRANTED. Partial Judgment shall be entered dismissing the first cause of action as to all defendants as moot and dismissing the second cause of action as to defendants Rafael A. Faria and Luis E. Landrau for failure to state a claim against these defendants. Dismissal of the second cause of action is without prejudice of plaintiff amending the complaint to state a claim against these defendants within ten (10) days from the notice of the Partial Judgment.

SO ORDERED.