86 F.3d 1176
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Danny R. HOLLINGSWORTH, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 96-5051.
 United States Court of Appeals, Federal Circuit.
 May 10, 1996.
Rehearing Denied July 2, 1996.
 
 Fed.Cl.
 AFFIRMED.
 PER CURIAM.
 
 
 1
 Danny R. Hollingsworth appeals from the December 18, 1995, decision of the United States Court of Federal Claims, Hollingsworth v. United States, No. 95-830 C (Fed.Cl. Dec. 18, 1995), dismissing his complaint for lack of subject matter jurisdiction. We affirm.
 
 
 2
 * Hollingsworth is presently incarcerated in a Nevada correctional institution for a criminal offense as to which his guilty plea was allegedly coerced. His attempt to gain release on a writ of habeas corpus failed when his complaint was dismissed without prejudice. The Ninth Circuit Court of Appeals affirmed the dismissal of his writ, and his petitions for certiorari challenging the Ninth Circuit's decision were denied by the Supreme Court.
 
 
 3
 Believing that his legal rights were violated by the manner in which his habeas corpus petition was dismissed, Hollingsworth brought suit in the Court of Federal Claims against President Clinton, Justice O'Connor, the Chief Clerk and Deputy Clerk of the Supreme Court, and the United States. Hollingsworth's complaint stated nine counts, alleging inter alia violation of his First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights and stating a "Bivens" claim against the individual defendants, see Bivens v. Six Unknown Agents, 403 U.S. 388 (1971). Hollingsworth sought consequential and punitive damages, as well as injunctive and declaratory relief. The heartbeat of the complaint, as we read it, is Hollingsworth's contention that his habeas corpus rights have been wrongly defeated.
 
 II
 
 4
 In a written order dated December 18, 1995, the Court of Federal Claims dismissed Hollingsworth's complaint for want of subject matter jurisdiction over the counts pled. Since there seems to be some confusion as to whether Hollingsworth has received a copy of the dismissal order (as opposed to a docket entry of dismissal), and because we agree fully with the reasons stated in the order for the dismissal, we attach a copy of that order to this opinion. The reasons for the decision of the Court of Federal Claims are straightforward and correct: the jurisdiction of the Court of Federal Claims is strictly limited to claims for money from the United States Government based on contracts with the Government, of which none are here alleged, or on specific statutory provisions which command the payment of money for the violation of the rights created by the statutes. None of the causes of action raised in Hollingsworth's complaint connect to a money mandating provision of law. In addition, the Court of Federal Claims lacks the power to grant the injunctive and declaratory relief Hollingsworth seeks.
 
 
 5
 We review the decision of the Court of Federal Claims de novo, when, as here, the question is the extent of the court's jurisdiction. Transamerica Ins. Corp. v. United States, 973 F.2d 1572, 1576 (Fed.Cir.1992). We have carefully reviewed the briefs filed in this case and the proceedings in the Court of Federal Claims. Since the decision dismissing Hollingsworth's complaint is correct, as a matter of law, we affirm.
 
 ATTACHMENT
 
 6
 In the United States Court of Federal Claims
 
 
 7
 (Filed December 18, 1995)
 
 95-830 C
 Danny R. Hollingsworth, Plaintiff, pro se
 
 8
 v.
 
 
 9
 The United States, Defendant.
 
 Order
 
 10
 Plaintiff's motion for leave to proceed in forma pauperis and pro se is allowed. RCFC 81(d)(8); Internal Procedure Rule B-8.
 
 
 11
 However, the complaint must be, and hereby is, dismissed, as it falls clearly outside the court's jurisdiction. Id.
 
 
 12
 This court's jurisdiction is strictly limited to the extent of Congress's explicit waiver of its statutory immunity from claims for monetary claims. Plaintiff cites the Tucker Act, 28 U.S.C. § 1491(a), which provides this court's authority to hear claims for money damages against the United States, not sounding in tort, which are founded on the Constitution, statute, regulation, or contract (express or implied in fact) with the United States. However, although plaintiff cites many constitutional provisions and statutes, he cites no contract or provision of the Constitution, statute, or regulation mandating the payment of money to him.
 
 
 13
 The only monetary claims for relief in the complaint are for consequential and punitive damages due to defendant's alleged wrongdoing, totalling ten million dollars each. These types of damages are tortious and thus beyond this court's jurisdiction. See Mitchell v. United States, 267 U.S. 341, 345 (1925); Algonac Mfg. Co. v. United States, 428 F.2d 1241, 1249 (Ct.Cl.1970). The "Bivens claims" made by plaintiff also must be brought in United States District Court exclusively. See 28 U.S.C. § 1346(b).
 
 
 14
 Moreover, this court has no power to grant either habeas corpus relief, see 28 U.S.C. § 2254, or equitable (declaratory and injunctive) relief, as requested by plaintiff's request for relief, which seeks orders directing the clerk and deputy clerk of the Supreme Court and Justice O'Connor to "cease, desist and correct their unlawful actions to suspend and foreclose my habeas corpus," and directing Justice O'Connor and the President to "perform their reciprocal contractual duties under 18 U[.]S[.]C[. s] 2382," as well as a declaratory judgment "that the defendants did violate my rights and privileges" and an order directing "that criminal prosecution [of the defendants] be initiated through the Federal Grand Jury."*
 
 
 15
 No relief falling within this court's power to award having been demanded, plaintiff's complaint is hereby dismissed, without prejudice, for lack of subject matter jurisdiction.
 
 
 16
 /s/ Diane Gilbert Weinstein
 
 DIANE GILBERT WEINSTEIN
 Judge, U.S. Court of Federal Claims
 
 
 *
 According to the submissions accompanying the complaint, plaintiff is a state prisoner at Ely Prison, Nevada, who was given a twelve year sentence in California, after pleading guilty to molesting his daughter--and later was extradited to Nevada and given a consecutive sentence there, which he currently is serving, apparently also based on guilty pleas. His emergency application to the Supreme Court for a temporary restraining order against the Nevada Department of Prisons complaining of his detention in the prison "Hole" (solitary confinement) was not acted upon for failure to exhaust his Nevada state remedy. In 1990, in an unpublished opinion, the Ninth Circuit affirmed the dismissal, without prejudice, by the United States District Court, of his habeas corpus petition, which alleged constitutional violations by California prison officials, and attacked his guilty pleas. Hollingsworth v. California, No. 89-15279 (9th Cir. Apr. 30, 1990). His petitions for a writ of mandamus or certiorari, and for renewed application, were denied by the United States Supreme Court, according to the Supreme Court. 116 S.Ct. 278 (1995); 115 S.Ct. 2271 (1995); 115 S.Ct. 1725 (1995); 113 S.Ct. 1882 (1993); 502 U.S. 905 (1991); 498 U.S. 1017 (1990); 498 U.S. 904 (1990); 498 U.S. 834 (1990); 493 U.S. 806 (1989)