**PAMEL CORPORATION, Plaintiff, Appellant,**

v.

**The PUERTO RICO HIGHWAY AUTHORITY et al., Defendants, Appellees.**

**Nos. 79–1475, 79–1532.**

United States Court of Appeals, First Circuit.

Argued Feb. 7, 1980.

Decided May 22, 1980.

---

Edelmiro Salas Garcia, Hato Rey, P. R., for Pamel Corp.

Marta Quinones De Torres, Asst. Sol. Gen., Dept. of Justice, San Juan, P. R., with whom Hector A. Colon-Cruz, Sol. Gen., San Juan, P. R., was on brief, for The Puerto Rico Highway Authority et al.

Before COFFIN, Chief Judge, WISDOM, Senior Circuit Judge,* CAMPBELL, Circuit Judge.

COFFIN, Chief Judge.

Plaintiff Pamel Corporation initiated this suit by filing a poorly drafted complaint in the district court. The gravamen of the claim appears to be that the Puerto Rico Highway Authority unconstitutionally deprived it of the entire value of two parcels of land by reclassifying them as "P", or "Public Use".[1] Plaintiff seeks damages under 42 U.S.C. § 1983 for this alleged uncompensated "taking". The defendant responded by requesting clarification of the complaint as to the location of the tracts, filing an answer and then a motion to dismiss for failure to state a claim upon which relief could be granted. The district court granted defendant's motion to dismiss because it believed it lacked jurisdiction.[2] The court reasoned that plaintiff's claim amounted to an action for inverse condemnation; that only the Commonwealth of Puerto Rico can condemn property pursuant to the power of eminent domain; that compensation for condemned property must require expendi-

---

* Of the Fifth Circuit, sitting by designation.

1. The actual restrictions placed on property by classification as Public Use are not in any way divulged by the complaint.

2. The court also dismissed the suit against Luis E. Landrau, Director of the Highway Authority, because the complaint failed to allege any acts by which this individual had violated plaintiff's constitutional rights, in bad faith or otherwise. Plaintiff did not appeal this manifestly correct ruling.

tures from Commonwealth funds; and, that such a suit in the federal courts is barred by the Eleventh Amendment. Plaintiff now appeals this dismissal, arguing essentially that the district court erred in concluding that the Commonwealth, rather than the Highway Authority, would pay the alleged damages as a matter of law.

The district court began its analysis by characterizing plaintiff's claim as an action for damages through inverse condemnation. The normal condemnation statute envisages a government plaintiff seeking a forced transfer of title in return for just compensation. *See, e. g.,* 32 P.R. Laws Ann. §§ 2901, *et seq.* "Inverse condemnation", on the other hand, describes a suit by a citizen, seeking damages for an action taken by the government that he claims has extinguished his property right. Plaintiff's theory is that the mere fact of classification of the property as "Public Use" deprives it of all value and constitutes a "taking" of property rights by the Authority;[3] the remedy sought is essentially the award by the federal court of the value of the property. The substantive allegation is familiar. Regulation of property use may be so oppressive or arbitrary that it crosses the wavering line separating a valid exercise of the police power from an exercise of the eminent domain power, which would be invalid without payment of the just compensation mandated by the due process clauses of the Fifth and Fourteenth Amendments. *Pennsylvania Coal Co. v. Mahon,* 260 U.S. 393, 415, 43 S.Ct. 158, 160, 67 L.Ed. 322 (1922); *Nectow v. City of Cambridge,* 277 U.S. 183, 48 S.Ct. 447, 72 L.Ed. 842 (1927). The remedy awarded in such cases, however, has not been the awarding of the value of the diminished property right, but a declaration of the invalidity of the purported exercise of the police power. *Agins v. City of Tiburon,* 24 Cal.3d 266, 157 Cal. Rptr. 372, 598 P.2d 25 (1979); *Fred F. French Investing Co., Inc. v. City of New York,* 39 N.Y.2d 587, 592, 385 N.Y.S.2d 5, 350 N.E.2d 381 (1976). *See* Costonis, *"Fair" Compensation and the Accommodation Power: Antidotes for the Taking Impasse in Land Use Controversies,* 75 Colum.L.Rev. 1021, 1033 (1975). Our research has disclosed no case in which a federal court has ordered a state or local government unit to pay for a diminution of the value of a piece of property caused by a zoning regulation.[4]

As Chief Judge Breitel pointed out in *Fred F. French, supra,* confusion about this issue has been sown by loose language about excessive land use regulations effectuating a "taking". A zoning regulation that exceeds the permissible bounds of the police power does not in reality confiscate the property, but regulates with oppressive or arbitrary severity. "Absent factors of government displacement of private ownership, occupation or management, there [is] no 'taking' within the meaning of the constitutional limitations." *Fred F. French Inv. Co., Inc. v. City of New York, supra,* 39 N.Y.2d at 595, 385 N.Y.S.2d at 10, 350 N.E.2d at 386 (citation omitted). A court does not declare that an offensive zoning regulation has taken the property, but that the government cannot

---

**3.** Plaintiff argues in its brief that there was a physical taking of its property as well. Examination of the complaint and other papers filed by plaintiff in the district court disclose no allegations of physical appropriation by the defendant.

**4.** Those federal cases which have allowed recovery of the value of confiscated property rights involve physical impairment or invasion of a party's property. *See, e. g., Griggs v. Allegheny County,* 369 U.S. 84, 82 S.Ct. 531, 7 L.Ed.2d 585 (1962); *United States v. Kansas City Ins. Co.,* 339 U.S. 799, 70 S.Ct. 885, 94 L.Ed. 1277 (1950). *See generally Ortega Cabrera v. Municipality of Bayamon,* 562 F.2d 91, 100–01 (1st Cir. 1977). The only federal case in which a property owner was able to recover the value of a prohibited property use was *Bydlon v. United States,* 146 Ct.Cl. 764, 175 F.Supp. 891 (1959). That case involved prohibition of airplane landings at a resort in a national forest. It has been suggested that *Bydlon* is a sport, the unique product of strong equities and statutory foreclosure of eminent domain takings for the national forest program. *See* Note, *Inverse Condemnation: Its Availability in Challenging the Validity of a Zoning Ordinance,* 26 Stan.L.Rev. 1439, 1448–49 (1974). In any event, the regulating entity in that case being the United States, no issues of federalism were raised.

impose the restriction without formally paying for it.

Federal enforcement of the inverse condemnation remedy would be a singularly inappropriate intrusion into the states' traditional domains of property law and land use policy. The federal constitutional right can be secured to the individual without forcing the state to purchase his property. Voiding the offending restriction will make the owner whole. *See* Note, *Inverse Condemnation: Its Availability in Challenging the Validity of a Zoning Ordinance*, 26 Stan. L.Rev. 1439, 1452 (1974). Moreover, once the constitutional line has been drawn, the state or local authority administering the complex structure of land use controls should be free to decide whether the expected benefits from the restriction are worth the cost of the required compensation. *Id.* at 1450–51.

■ The district court erroneously concluded that plaintiff could recover the lost value of his property as damages and therefore addressed the question whether the Eleventh Amendment barred the suit. We do not reach this immunity issue because we hold that plaintiff cannot recover damages by means of the inverse condemnation remedy. A complaint, however, should not be dismissed merely because the remedy it seeks cannot be obtained; plaintiff may still win declaratory or injunctive relief if it proves the merit of its substantive claim, even though it requested only damages in its complaint. "[A] complaint should not be dismissed for legal insufficiency except where there is a failure to state a claim on which some relief, not limited by the request in the complaint, can be granted." *Norwalk CORE v. Norwalk Redevelopment Agency*, 395 F.2d 920, 925–26 (2d Cir. 1968); 6 Moore's Federal Practice, ¶ 54.60 & n. 19 (1976); C. Wright & A. Miller, *Federal Practice and Procedure*, 61357 (1969).

■ There are, however, other problems. Even construing plaintiff's complaint liberally, although it was prepared by a lawyer, we conclude that it fails to state a claim upon which relief can be granted. The most glaring defect is that it fails to con-

nect the defendant with the wrongs alleged to have been suffered. As discussed above, the core of plaintiff's complaint is that the zoning restrictions placed on its property deprived it of all value. Plaintiff, however, does not point to any legal authority indicating that the Highway Authority has power to zone. On the contrary, defendant has called to our attention statutory provisions, 23 P.R. Laws Ann. § 62, and case law, *Flamboyan Gardens v. Junta de Planificacion*, 103 D.P.R. 884 (1975), which suggest strongly that such decisions are the province of the Puerto Rico Planning Board. The only overt act alleged to have been committed by defendant was its decision to widen a highway contiguous to plaintiff's land. What legal or factual relationship plaintiff believes exists between this act and plaintiff's alleged loss we cannot say. We note further that plaintiff claims to have been forced to build a marginal road connecting portions of its land with the public highway. But who forced plaintiff to build the road and why it was illegal to do so we are not told.

■ While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong. *See Kadar Corp. v. Millbury*, 549 F.2d 230, 233 (1st Cir. 1977). The complaint under consideration fails to satisfy the lenient requirement of Fed.R. Civ.P. 8(a)(2) for a short, plain statement of the claim "that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). By the same token, the claims stated are so amorphous that we are reluctant to affirm the dismissal with prejudice when the scope of its res judicata effect might prove a cause of further confusion. Plaintiff should be given a chance to amend his complaint to demonstrate whether some legally sufficient claim lies hidden beneath the obscure allegations.

*The judgment of the district court in favor of Puerto Rico Highway Authority is vacated and the case is remanded with in-*

*structions to dismiss the complaint against this defendant without prejudice.*