Gloria J. ORTIZ DE ARROYO, et al.,
Plaintiffs, Appellees,

v.

Carlos Romero BARCELO, etc., et al.,
Defendants, Appellants.

No. 84-1132.

United States Court of Appeals,
First Circuit.

Argued Feb. 4, 1985.

Decided June 26, 1985.

Reina Colon de Rodriguez, San Juan, P.R., with whom Nestor D. Ramirez Cuebas, Isla Verde, P.R., and Howard Charles, Dept. of Justice, Carolina, P.R., were on brief, for defendants, appellants.

Robert H. Rout, Hato Rey, P.R., for plaintiffs, appellees.

Before COFFIN, Circuit Judge, WISDOM,[*] Senior Circuit Judge, and BOWNES, Circuit Judge.

WISDOM, Senior Circuit Judge.

This appeal presents the question whether plaintiffs who have succeeded on a significant issue in their section 1983 suit through the voluntary actions of defendants, without obtaining a favorable judgment or a formal settlement agreement, may be considered "prevailing parties" for purposes of the Attorney's Fees Awards Act, 42 U.S.C. § 1988 (1982). Before reaching this question, however, we must answer the defendants' challenge to the district court's jurisdiction to hear the original controversy. We hold that the district court correctly exercised jurisdiction and affirm the award of attorney's fees.

## I.

The plaintiffs own real property located in Barrio Cupey of Rio Padras, Commonwealth of Puerto Rico. In 1971, the Governor of Puerto Rico adopted a resolution of the Puerto Rico Planning Commission, reserving the plaintiffs' land for public use for a proposed highway intersection.[1] This highway plan and land use restriction prohibited the Puerto Rico Administration of Regulations and Permits from issuing permits for any building or structure on the protected land that would conflict with the public use of the property for the highway intersection designated by the Planning Board. Funding for the highway construc-

---

[*] Of the Fifth Circuit, sitting by designation.

[1]. The plaintiffs alleged in their complaint that the land use restrictions affecting their land were instituted as early as 1964. This point is neither established nor refuted by the documentary evidence in the record.

tion was unavailable, however, and the plaintiffs' land remained undeveloped throughout the course of this litigation.

In 1980, the plaintiffs filed suit in the United States District Court for the District of Puerto Rico, alleging that the transportation and land use plan adopted by the Commonwealth effectively froze any development of the plaintiffs' lands for an indefinite period of time without compensating the property owners for the loss of the use of their lands. The plaintiffs averred that the land use restriction was arbitrary and capricious, was unrelated to any reasonable governmental purpose because the funds necessary for developing the highway system were not available, and that the defendants, in their individual capacity and as officers of the Commonwealth of Puerto Rico, had violated the plaintiffs' fifth and fourteenth amendment rights by depriving the plaintiffs of their property without due process of law. The plaintiffs sought: 1) a declaration that the defendants' acts violated the United States Constitution, 2) damages, 3) costs, 4) attorney's fees, 5) reimbursement of property taxes, and 6) any other relief deemed by the court to be just and proper.

The defendants filed a motion to dismiss the complaint for lack of subject matter jurisdiction and an answer to the substantive allegations of the complaint. In answer to interrogatories propounded by the plaintiffs, the defendants asserted that the subject property was part of the Highway Authority's then current Five Year Priority Construction Plan and that liberation of the property was, therefore, impossible. In October 1981, the Planning Board adopted a resolution permitting the development of lands affected by the 1971 transportation and land use plan, provided that the properties to be developed were not on the Highway Authority's most current Five Year Priority Construction Program. Later, the

Highway Authority removed the plaintiffs' property from the Priority Construction Program for fiscal 1981–82 to 1985–86.

On February 24, 1982, while the parties to this suit continued in their attempts to settle this controversy without a trial, the Secretary of Transportation and Public Works of Puerto Rico recommended to the Planning Board that the property in question be removed from the Program in accordance with the provisions of the Board's October 1981 resolution.[2] The Board approved this recommendation by resolution dated March 10, 1982.

Counsel for the parties held settlement conferences before Judge James H. Watson on February 26 and March 15, 1982. According to the minutes of the February 26 conference, the plaintiffs demanded full release of the property and damages. The defendants' counsel represented that the defendants were willing to release the property with the restriction that only one-story buildings would be constructed on the property. A further settlement conference was held March 15, at which time the defendants' counsel advised that the Planning Board would issue a resolution freeing the property from all restrictions. The plaintiffs, in turn, agreed to abandon their claim for monetary damages. The parties were instructed to file a stipulation of settlement within fifteen days; the plaintiffs were given thirty additional days to file their motion for attorney's fees.

After numerous attempts to reach a formal settlement failed, the plaintiffs moved for a voluntary dismissal with prejudice, reserving to themselves the right to seek attorney's fees. The court granted this motion on April 30, 1982; the defendants did not appeal that order. The plaintiffs then submitted a motion requesting attorney's fees as "prevailing parties" under 42 U.S.C. section 1988.[3] This motion was

2. Specifically, the Secretary noted that the plaintiffs' land holdings were encumbered by a highway project not included within the current five-year construction program and that the Highway Department lacked the necessary funds to purchase the plaintiffs' property. The

secretary concluded: "In view of the aforesaid, we recommend that that [sic] Board prepare a resolution releasing the ground holdings on real estate that are the object of this litigation."

3. This section provides, in pertinent part, that "[i]n any action or proceeding to enforce a

heard before Judge Juan R. Torruella on September 16, 1983, at which time the defendants reasserted their earlier motion to dismiss for lack of subject matter jurisdiction. The district court denied the defendants' motion and awarded attorney's fees to the plaintiffs in the sum of $21,131.25, finding the plaintiffs to have prevailed on a significant issue in the suit. On appeal from the district court judgment entered December 29, 1983, the defendants reassert their jurisdictional challenge and contend that the district court erred in awarding attorney's fees to the plaintiff.

## II.

The plaintiffs invoked the jurisdiction of the district court under 28 U.S.C. section 1331.[4] The defendants argue on appeal, however, that the district court lacked jurisdiction to consider the plaintiffs' *original* suit and request for attorney's fees because the plaintiffs failed to establish a valid claim arising under the constitution and laws of the United States. The defendants assert that the plaintiffs had not established that there had been a "taking" without due process of law; that the plaintiffs' claim essentially was a tort claim for inverse condemnation which could be redressed in state court; and that the complaint did not, therefore, state a federal cause of action.

■ The defendants' jurisdictional arguments confuse the issue of the district court's authority to hear a case with the issues of the adequacy of the complaint and the plaintiffs' ability to prevail on the merits of their claim. Subject matter juris-

diction does not depend on the plaintiffs' ability to prove the elements of their cause of action in their complaint. The complaint must merely demonstrate that the matter in controversy arose under the Constitution or laws of the United States. "Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy". *Bell v. Hood,* 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946). Once a court has assumed jurisdiction over the controversy, it may then dismiss the case on the merits if it determines that the plaintiffs have failed to state a ground on which a federal court may grant relief. *Id.* The court may not, however, refuse jurisdiction because the plaintiffs have failed to prove the substantive allegations of the complaint or because the plaintiffs' ultimate recovery may be limited to tort damages. *Id.*

■ The plaintiffs alleged in their complaint that the defendants, officers of the Commonwealth of Puerto Rico,[5] arbitrarily and capriciously deprived the plaintiffs of their property without due process of law. As in *Bell,* it is clear from the allegations of the complaint in this case that the plaintiffs' suit was grounded in the alleged violation of the plaintiffs' constitutional right of due process. The district court was, therefore, required to exercise jurisdiction over the controversy: "[W]here the complaint, as here, is so drawn as to seek recovery directly under the Constitution or laws of the United States, the federal court ... must entertain the suit."[6] *Id.* at 681–82, 66 S.Ct. at 776.

provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs". 42 U.S.C. § 1988 (1982).

4. This section provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States". 28 U.S.C. § 1331 (1982).

5. The defendants do not raise any question as to state action.

6. The *Bell* Court enunciated two exceptions to this rule. A complaint seeking redress directly under the Constitution or laws of the United States may be dismissed for lack of jurisdiction "where the alleged claim under the Constitution or federal statutes appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous". *Bell v. Hood,* 327 U.S. at 682–83, 66 S.Ct. at 776. These exceptions are inapplicable to the instant case. As noted above, the plaintiffs' constitutional claims are the crux of their complaint. Moreover, as explained more fully in part III of this opinion,

This conclusion is bolstered, not defeated, by the recent decisions of the Supreme Court and this circuit cited by the defendants in their appellate brief. This court was faced with claims substantially similar to those made by plaintiffs in the instant case in *Pamel Corporation v. Puerto Rico Highway Authority*, 621 F.2d 33 (1st Cir. 1980), and in *Citadel Corporation v. Puerto Rico Highway Authority*, 695 F.2d 31 (1st Cir.1982), *cert. denied*, —— U.S. ——, 104 S.Ct. 72, 78 L.Ed.2d 85 (1983). In *Pamel* and *Citadel*, as in the case now before us, the plaintiff brought an "inverse condemnation suit" [7] seeking damages for the value of its property rights allegedly extinguished by various officers and agencies of the Commonwealth of Puerto Rico as a result of restrictive zoning and land use policies. In each of these cases, we recognized that "[r]egulation of property use may be so oppressive or arbitrary that it crosses the wavering line separating a valid exercise of the police power from an exercise of the eminent domain power, which would be invalid without payment of ... just compensation...". *Pamel*, 621 F.2d at 35; *see also Citadel*, 695 F.2d at 33. We held, however, that the proper remedy in such cases was not "the awarding of the value of the diminished property right, but a declaration of the invalidity of the purported exercise of the police power". *Pamel*, 621 F.2d at 35; *see also Citadel*, 695 F.2d at 33. We concluded that in cases in which the plaintiff alleges an unconstitutional deprivation by negligent or intentional conduct of government officials, "[f]ederal courts may enjoin such unconstitutional conduct on the part of states in an inverse condemnation proceeding, but they may not award damages". *Citadel*, 695 F.2d at 34. Moreover, the "plaintiff may ... win declaratory or injunctive relief if it proves the merits of its substantive claim, even though it requested only damages in its complaint". *Pamel*, 621 F.2d at 36.

It is clear from our holdings in these cases that a federal district court has jurisdiction to hear a plaintiff's claim that a governmental entity has deprived him of his property without due process of law in violation of the fifth and fourteenth amendments. A federal court is restricted, however, in the remedy it may award in such cases. The court may not award the value of the diminished property right; it may issue only declaratory or injunctive relief. The plaintiffs here could not prevail on their claim for damages; summary dismissal on the merits of this portion of the plaintiffs' suit would have been appropriate. The plaintiffs could, however, have been awarded declaratory or injunctive relief had they proved the allegations set forth in their complaint. Jurisdiction over this controversy was, therefore, properly vested in the district court.

The defendants contend further that the plaintiffs' suit in federal court is barred by the Supreme Court's decision in *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). The defendants argue that no federal question can arise concerning the negligent deprivation of a property right protected by the fifth and fourteenth amendments if a state remedy exists. This argument is based on a misreading of the *Parratt* decision. In *Parratt*, the Court found that when a plaintiff has been negligently deprived of his property as a result of "a random and unauthorized act by a state employee", 451 U.S. at 541, 101 S.Ct. at 1916, the "impracticability of providing any meaningful predeprivation process can, when coupled with the availability of some meaningful means by which to assess the propriety of the State's action at some time after the initial taking, satisfy the requirement of procedural due process". 451 U.S. at 539, 101 S.Ct. at 1915. In such cases, the plaintiff's section 1983 action will be dismissed not because the federal court has

---

the plaintiffs' claims cannot be said to be totally without merit. This case is, therefore, justiciable in federal court.

7. In *Pamel*, we defined inverse condemnation as "a suit by a citizen, seeking damages for an action taken by the government that he claims has extinguished his property right". *Pamel*, 621 F.2d at 35.

no jurisdiction but because no constitutional right has been violated.

In *Hudson v. Palmer*, —— U.S. ——, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), the Supreme Court emphasized that the controlling issue in *Parratt* was not whether the complained-of state action was negligent or intentional, but whether the "loss of property [was] occasioned by a random unauthorized act by a state employee, rather than by an established state procedure". *Id.* at ——, 104 S.Ct. at 3203, 82 L.Ed.2d 406. In the instant case, the freeze on the plaintiffs' property was authorized by the Planning Board and approved by the Governor of Puerto Rico; it did not constitute a "random unauthorized act by a state employee". *Id.* The Court's decision in *Parratt* does not, therefore, prohibit this court from exercising jurisdiction over the present controversy; it is in fact inapposite to the case before us.

The district court properly rejected the defendants' motion to dismiss for lack of subject matter jurisdiction. The plaintiffs' complaint alleges that officers and agencies of the Commonwealth of Puerto Rico deprived the plaintiffs of their property without paying just compensation therefor in contravention of the fifth and fourteenth amendments. This claim sets forth a claim arising under the Constitution and laws of the United States and is justiciable in federal court.

### III.

The district court awarded the plaintiffs attorney's fees under 42 U.S.C. section 1988, finding the plaintiffs to have prevailed in their efforts to have the land use restrictions complained of in their complaint removed from their property. The defendants argue on appeal that the plaintiffs' complaint contained no request for declaratory or injunctive relief, that the defendants acted in good faith in liberating the plaintiffs' property, and that the defendants' decision to remove the use restrictions from the property was wholly unrelated to the plaintiffs' suit. The de-

fendants conclude that the district court erred in finding the plaintiffs to be prevailing parties on any issue in this litigation. We disagree.

The Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988 (1982), provides that the court may, in its discretion, award a reasonable attorney's fee to the "prevailing party" in a section 1983 action.[8] The Statute does not set forth a standard for determining when a party has prevailed for purposes of the Act. This issue most commonly arises, as it does here, when a party plaintiff has prevailed on some but not all of the issues presented in the suit, or when a party obtains some benefit in the litigation without a trial on the merits or a formal judgment. Both situations obtain in the instant case.

In *Nadeau v. Helgemoe*, 581 F.2d 275 (1st Cir.1978), we held that "plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit". *Id.* at 278–79; *see also Coalition for Basic Human Needs v. King*, 691 F.2d 597, 599 (1st Cir. 1982). Once a party has met this "statutory threshold", the district court must determine what fee is reasonable, based on the work performed on the issues on which the party was successful. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40, 50 (1983). Accordingly, the plaintiffs in the instant case may be considered prevailing parties, even though they did not obtain a judgment for damages, if they prevailed on another issue and derived some significant benefit from their suit.

The district court found that the plaintiffs had prevailed in prompting the defendants to remove the land use restrictions from the plaintiffs' property. The defendants assert on appeal that removal of the use restrictions was not an issue in the suit because the plaintiffs failed in their complaint to request this relief. As noted by

---

**8.** See note 3.

the district court, however, the plaintiffs' complaint did contain a general prayer for any relief the court deemed to be proper. This request was broad enough to encompass a request for injunctive relief. Moreover, it is clear from the minutes of the settlement conferences that the parties did consider removal of the land use restrictions to be a significant issue in the litigation.

In determining whether the plaintiffs prevailed on this issue, we must look beyond the formal disposition of the case. As we held in *Nadeau*, the plaintiffs may be considered to have prevailed, although they have obtained no formal relief from the court, if the "plaintiff's lawsuit act[ed] as a 'catalyst' in prompting [the] defendants to take action to meet [the] plaintiffs' claims ...". *Nadeau*, 581 F.2d at 279; *see also, e.g., Burke v. Guiney*, 700 F.2d 767, 771 (1st Cir.1983); *Williams v. Miller*, 620 F.2d 199, 202 (8th Cir.1980). *See generally*, Note, *Surveying the Law of Fee Awards Under the Attorney's Fees Awards Act of 1976*, 59 Notre Dame L.Rev. 1293, 1300–09 (1984). To establish that they are prevailing parties entitled to an award of attorney's fees, however, plaintiffs who have obtained only informal relief must meet both a factual and a legal test. The plaintiffs are prevailing parties as a matter of fact if "the plaintiffs' suit and their attorney's efforts were a necessary and important factor in achieving the improvements [undertaken by defendants on the plaintiffs' behalf]". *Nadeau*, 581 F.2d at 281. The chronological sequence of events is an important factor in determining whether the defendants guided their actions in response to the plaintiffs' suit, especially "where the evidence relevant to the defendants' behavior is under defendants' control and not easily available to [the] plaintiff[s]". *Id.*

If the plaintiffs can establish that their suit "was causally related to the defend-

ants' actions which improved their condition", they must then prove that they have prevailed in a legal sense. *Id.* The plaintiffs cannot meet this test if it has been judicially determined that the defendants' conduct was not required by law. Where, as here, there has been no such judicial determination on the merits, the district judge should not grant attorney's fees if he determines that the plaintiffs' action "could be considered 'frivolous, unreasonable, or groundless or that the plaintiff continued to litigate after it clearly became so'." *Id.* (*quoting Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422, 98 S.Ct. 694, 701, 54 L.Ed.2d 648 (1978)).

The district court determined that the plaintiffs had prevailed as a matter of fact on the issue of removing the use restrictions from the plaintiffs' property.[9] The court found that the plaintiffs derived a significant benefit from the removal of the restrictions and, after an examination of the entire record and a consideration of the chronological sequence of events, concluded that the plaintiffs' lawsuit had acted as a catalyst in prompting the defendants to liberate the plaintiffs' property. On review this is a factual determination subject to the clearly erroneous standard. *See Morrison v. Ayoob*, 627 F.2d 669, 672 (3rd Cir.1980), *cert. denied*, 449 U.S. 1102, 101 S.Ct. 898, 66 L.Ed.2d 828 (1981); *see also, United States v. U.S. Gypsum Co.*, 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746 (1948).

The record in this case demonstrates that the parties to this suit actively pursued the litigation from the time the complaint was filed until the land use restrictions were removed over a year later. Numerous requests for discovery were exchanged and defended. The defendants did not remove the restrictions from the plaintiffs' property until after extensive settlement negotiations had been conducted and several settlement conferences had been held. The record of the settlement confer-

---

9. The district court noted that the plaintiffs prevailed only to the extent that the restrictions were removed from their property, and in accordance with *Hensley*, awarded them attorney's fees only for the hours expended in obtaining this relief. The issue of the amount of fees actually awarded is not before this court on appeal.

ences held on February 26 and March 15, 1982 shows an exchange of compromises: The plaintiffs were willing to drop the damages claim if all land use restrictions were removed from the property. This sequence of events, as evidenced by the record, supports the district court's conclusion that the plaintiffs' suit was a necessary and important factor in the defendants' decision to remove the land use restrictions from the plaintiffs' property. We therefore affirm the district court's finding that the plaintiffs were prevailing parties as a matter of fact.[10]

The district court also found the plaintiffs in this action to have prevailed in a legal sense. The court found that "[t]he undisputed facts, such as the excessive period during which the plaintiffs' property was affected by the intersection plans, would most certainly, together with the absence of any valid explanation for the same, support a holding that the restrictions imposed are violative of due process of law". *De Arroyo v. Barcelo*, No. 80-2415, slip op. at 3 (D.P.R. Oct. 14, 1982). The court therefore determined that the plaintiffs were prevailing parties under 42 U.S.C. section 1988 and awarded attorney's fees to the plaintiffs. We affirm.

■ To meet the legal test enunciated in *Nadeau*, the plaintiffs need not establish a legal entitlement to the relief sought in their complaint. There has been no judicial determination in this suit that the defendants' conduct in lifting the land use restrictions was not required by law. The plaintiffs may meet the legal test for attorney's fees, therefore, if they establish that their suit was not "frivolous, unreasonable, or groundless". *Nadeau*, 581 F.2d at 281.

■ We are convinced from a review of the record in this case that the plaintiffs' suit was not frivolous, unreasonable, or groundless. We have held that an unreasonably oppressive or arbitrary regulation

of property use may effectuate an unconstitutional "taking" if just compensation is not paid. *Pamel*, 621 F.2d at 35; *Citadel*, 695 F.2d at 33. Accordingly, in *Citadel Corp. v. Puerto Rico Highway Authority*, No. 76-1159 (D.P.R.1980), the District Court for the District of Puerto Rico permanently enjoined various officials of the Commonwealth of Puerto Rico from "freezing" that plaintiff's property in accordance with the same transportation plan at issue in this suit. In the light of this jurisprudence and the record in this case, we agree with the district court in the case at bar that the plaintiffs here had at least a colorable claim that they were entitled to injunctive relief in this action. We therefore agree with the district court that the plaintiffs met both the legal and factual test for prevailing parties as enunciated by this circuit, and affirm the award of attorney's fees to the plaintiffs.

The judgment of the district court is AFFIRMED.

---

**10.** The defendants' argument that the plaintiffs cannot be considered prevailing parties because the defendants acted voluntarily and in good faith is inapposite. "[T]he good faith of defendants is not a controlling factor in determining whether or not plaintiffs merit an award." *Nadeau*, 581 F.2d at 280. The critical inquiry is, instead, whether the suit is a necessary and important factor in achieving what was sought. *Id.* at 281.