**CULEBRA ENTERPRISES CORP.,
et al., Plaintiffs,**

**v.**

**Miguel A. Rivera RIOS, et al.,
Defendants.**

**Civ. No. 79–425 HL.**

United States District Court,
D. Puerto Rico.

June 27, 1985.

Jaime Sifre-Rodriguez, Hato Rey, Puerto Rico, for plaintiffs.

Doris H. Hernandez-Díaz, Atty., Dept. of Justice, John E. Mudd, Federal Litigation Div., Dept. of Justice, San Juan, Puerto Rico, for defendants.

## OPINION AND ORDER

LAFFITTE, District Judge.

This is an action brought under the Federal Civil Rights Act, 42 U.S.C. §§ 1983, 1985(3), 1986, the United States Constitution, and the Constitution and Statutes of Puerto Rico, for injunctive and/or monetary relief. Plaintiffs claim that defendants and others have conspired, under color of state law, to exercise their official authority over land use, planning, development and zoning in the island of Culebra to freeze plaintiffs' property in its existing state for the purported benefit of the public without having to pay plaintiff.

Defendants argue that there has been no constitutional deprivation, that the injunctive action is barred by the 11th Amendment, and that the plaintiffs have failed to state a claim for relief.

### I. *Injunction*

The pretrial order was entered in this case on January 19, 1984, and the parties were essentially ready for trial at that time. Prior to a trial setting, the parties continued to negotiate a possible settlement, and on August 16, 1984, filed before this Court a Partial Settlement Stipulation. This Stipulation stated that on July 16, 1984, the Planning Board of the Commonwealth of Puerto Rico approved an amendment to the zoning map of the Island of Culebra, to be effective on August 15, 1984. Pursuant to the Stipulation, the parties "expressly agreed ... that plaintiffs' property currently zoned 'RO 25–C' which was previously subdivided in approximately five (5) cuerdas lots, can be sold by plaintiffs and a dwelling built in (sic) each one of the lots, without legal impediment."

The Stipulation of the parties has mooted any necessity for the injunctive relief sought, and a judgment can be entered on the parties' stipulation which is hereby approved, and the complaint will be dismissed with prejudice.

### II. *Damages*

As part of their Stipulation, the plaintiffs expressly reserved their right to pursue the remainder of their claims against defendants for damages, costs and attorneys fees.

For the reasons stated below, this Court holds that plaintiffs have failed to state a cognizable claim on which relief can be granted under 42 U.S.C. §§ 1983 and 1985. Hence, their complaint shall be dismissed.

Plaintiffs have alleged that defendants are responsible individually, and in their official capacity for the damages suffered by plaintiffs by virtue of the "freezing" of their property, thus denying plaintiffs of what they term "their clear constitutional right of the reasonable use and enjoyment of their property." Plaintiffs allege that because defendants promulgated certain land use plans, zoning maps, and zoning ordinances, and denied plaintiffs' request to develop their land as proposed by plaintiffs in their plan of 1977–1978, plaintiffs were denied the "reasonable" development of their property.

Plaintiffs allege that defendants conspired to prevent this "reasonable" use, and did so for the purpose of depriving plaintiffs, directly or indirectly, of their right to the enjoyment of their property in violation of 42 U.S.C.A. § 1985(3). Plaintiffs further allege that defendants acted to so deprive plaintiffs in such a manner as to take their property without due process of law, in violation of the Fifth and Fourteenth Amendments.

In the last several years the First Circuit Court of Appeals has addressed the issues of constitutional violations in the land use area. In *Creative Environments, Inc. v.*

*Estabrook,* 680 F.2d 822 (1st Cir.1981), cert. denied, 459 U.S. 989, 103 S.Ct. 345, 74 L.Ed.2d 385 (1982), and the line of cases following, the First Circuit held that "property is not denied without due process simply because a local planning board rejects a proposed development for erroneous reasons or makes demands which arguably exceed its authority under relevant state statutes." Id., at 832. See also, *Raskiewizc v. The Town of Boston,* et al., 754 F.2d 38 (1st Cir.1985); *Chiplin Enterprises v. City of Lebanon,* 712 F.2d 1524, 1527–28 (1st Cir.1983).

■ The two essential elements of a cause of action under 42 U.S.C. § 1983, as stated by the U.S. Supreme Court and the First Circuit Court of Appeals, are: (1) that the conduct complained of was carried out under color of state law, and (2) that this conduct deprived plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Chiplin Enterprises, supra,* 712 F.2d at 1527, referring to *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981).

■ The first requirement is met here. But the Court finds that plaintiffs have failed to allege a constitutional right of which they have been deprived. Plaintiffs refer this Court to another recent First Circuit opinion, and argue that their case is in all fours with it, that is, *Roy v. City of Augusta, Me.,* 712 F.2d 1517 (1st Cir.1983). In *Roy, supra,* the First Circuit held that the plaintiff had an "entitlement" to his renewed license to operate a pool hall, and that the defendant City Board, and the individuals composing the Board, by denying him that renewal, acted to deprive him of his property without due process of law. Plaintiffs argue that by refusing to allow them to develop their property as proposed by plaintiffs in 1977–78, the defendants herein acted to deprive them of their property without due process of law.

What distinguishes *Roy* from the instant case, and what requires the instant case to be dismissed according to the Rule in *Estabrook, supra,* is that plaintiffs have failed to allege an "entitlement" to develop their property as proposed, so as to make the defendants' refusal reach the constitutional dimension.

■ "The hallmark of property ... is an individual entitlement grounded in state law, which cannot be removed except 'for cause'." *Roy, supra,* 712 F.2d at 1522–23, quoting from *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 430, 102 S.Ct. 1148, 1155, 71 L.Ed.2d 265 (1982). In *Roy,* the mandatory entitlement was created by the decision of the Supreme Judicial Court of Maine, who held on the merits of Roy's own individual appeal of the Board's refusal that Roy *was* entitled to the renewed license.

In the instant case the "entitlement" to develop the land as plaintiffs wished in 1977–78, under the zoning ordinances then in effect, has not been clearly identified. Plaintiffs attempt to argue that the Supreme Court of Puerto Rico has held that land use zoning "P" for public use is unconstitutional, and therefore, to use this zoning regulation as the reason for refusal of their plans is a violation of due process. Further, plaintiffs argue that defendants should have known of this unconstitutionality, and are therefore individually liable for conspiring to deprive plaintiffs of the reasonable use of their land, under 42 U.S.C. § 1985(3). Plaintiffs refer this Court to two opinions of the Supreme Court of Puerto Rico for these propositions. However, upon a close reading of these decisions, it is clear that they do not identify the required "entitlement" so as to create a constitutional deprivation in this case.

In *Heftler Int'l. Corp. v. Planning Board,* 99 P.R.R. 454 (1970), the Supreme Court of Puerto Rico disapproves of the use of "P" zoning as a means for zoning for community benefit. However, the Supreme Court affirms the dismissal of the plaintiff's allegations of due process violations, brought originally before the Superior Court of Puerto Rico. Plaintiff Heftler Corp. had alleged that as owner of a parcel of land in Bayamón, zoned "P" for over

seven years, he was deprived of the reasonable use, benefit, enjoyment, and development of that land, without due process of law. Although the Court "sympathized" with plaintiff's position, it did not agree with the result sought. *Heftler, supra,* 99 PRR at 457. The Court held that the reasonable use of the land should be just pursued through all administrative appeals, before any constitutional action could be instituted. This case in no way creates a constitutional entitlement to privately develop property zoned "P."

The second case, *Richards Group, Inc. v. Junta De Planification,* 108 DPR 23 (1978), also does not create the constitutional entitlement claimed by plaintiffs. In RICHARDS GROUP, the Supreme Court of Puerto Rico held that "freezing" of land for public use depends on a test of reasonableness in each situation. Further, the Supreme Court held that it was for the Planning Board, and the administrative appeal process, to consider the factors outlined by the Court, to make a determination of reasonableness. In RICHARDS GROUP, the Supreme Court discussed, at length, the concept of "property" in our society, and what "property" interests are constitutionally protected. *Richards Group, supra,* 108 DPR at 34–35. The Court held in the *Richards* case that the "right to property", or entitlement, does not include the right to develop land without government authorization, and that this authorization may be subject to some conditions. See, Id., at 35, and cases cited thereat. The Court then went on to enumerate various factors to be considered when making a determination for "reasonable" use of property. Id, at pp. 39–45. The Court concluded that in view of the developments in the field of property rights and of a constitutional violation in this case based on the theories of *Monroes v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1960), and *Perry v. Sindermann,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972), would be

to "jettison" any hope of maintaining a meaningful separation between federal and state jurisdiction. *Estabrook, supra,* 680 F.2d at 831. The *Roy* case, *supra,* is to be distinguished, because a clear entitlement had been determined by the state Supreme Court, whose mandate was subsequently ignored by the licensing board. Such is not the case here.

■ Finally, without allegations of something more, such as racial animus, or political discrimination, a charge discrimination under 42 U.S.C. § 1985(3) is inadequate. *Chiplin Enterprises, supra,* 712 F.2d at 1527; *Griffin v. Breckenridge,* 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971); *Hanh v. Sargent,* 523 F.2d 461, 469 (1st Cir.1975); *Enriquez v. Nettleship,* 580 F.Supp. 1270 (D.P.R.1984).

WHEREFORE, for the reasons stated above, the Court finds that plaintiffs have failed to allege a claim for which monetary relief can be granted, and their complaint shall be dismissed.

### III.  *Attorney's Fees*

■ Because plaintiffs have failed to state a cognizable claim on which relief can be granted, their application for attorneys' fees under 42 U.S.C. § 1988 shall likewise be denied. Plaintiffs anchor their fee request under the "prevailing parties" provision of the Civil Rights Attorneys Fees Act.[1] Plaintiffs assert that they qualify as prevailing parties on the theory that plaintiffs' lawsuit prompted action by the Planning Board that afforded the injunctive relief sought in the complaint.

*Nadeau v. Helgemoe,* 581 F.2d 275 (1st Cir.1978), relied upon by plaintiffs, establishes a two-pronged test in determining what constitutes a "prevailing party" when relief is obtained from outside the Courtroom rather than within.

■ The problem plaintiffs encounter with this argument is that NADEAU ap-

---

**1.** 42 U.S.C. § 1988 provides in relevant part: "In any action or proceeding to enforce a provision of [42 U.S.C.] sections 1981, 1982, 1983, 1985, and 1986 ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

**150**

plies when one party *is successful* "on any significant issue in the litigation which achieves some of the benefit the parties sought in bringing suit." 581 F.2d at 278–79.

> "In NADEAU, we had in mind the typical case in which a party wins: winning provides a legal right to the relief sought, and it ordinarily means the winner will receive the relief.... A party, in other words, prevails in a law suit when he establishes a legal *entitlement* to what he seeks, not when what he seeks is actually delivered." *Coalition for Basic Human Needs v. King*, 691 F.2d 597,600 (1st Cir.1982).

Plaintiffs simply did not prevail in this litigation. Neither did they establish an entitlement to some relief on the merits of their claim. *Hanrahan v. Hampton*, 446 U.S. 754, 100 S.Ct. 1987, 1989, 64 L.Ed.2d 670 (1980). Under Section 1983 a fee recovery is part of the cause of action. *Lazer v. Pierce*, 757 F.2d 435 (1st Cir.1985). The Court having determined that plaintiffs have no cause of action, it follows that they are not "prevailing parties." Hence, plaintiffs are not eligible for an allowance of attorney's fees. *Johnston v. Jago*, 691 F.2d 283 (6th Cir.1982).

WHEREFORE, pursuant to the Stipulation of the parties filed on August 16, 1984, it is hereby ORDERED that plaintiffs' complaint for injunctive relief be dismissed with prejudice; and it is further

ORDERED, that plaintiffs' claims for monetary damages be dismissed for failure to state a claim for relief; and it is further

ORDERED, that plaintiffs' application for attorneys fees be, and hereby is DENIED.

IT IS SO ORDERED.