**CULEBRA ENTERPRISES CORP.,**
etc. Plaintiffs,

v.

**Miguel A. RIVERA RIOS, et al., Defendants.**

**Civ. No. 79–425 HL.**

United States District Court,
D. Puerto Rico.

Oct. 29, 1985.

Jaime Sifre, San Juan, P.R., for plaintiffs.

Miguel de la Cuétara, Atty., Marta Quiñones de Torres, Asst. Sol. Gen., Dept. of Justice, San Juan, P.R., for defendants.

Alberto Tellechea, U.S. Atty., for Kenneth Black, etc.

Esteban J. Núñez Hoyo, and John Mudd, Rio Piedras, P.R., for Dept. of Justice of P.R.

OPINION AND ORDER

LAFFITTE, District Judge.

We are presented with plaintiffs' Rule 59 motion requesting a new trial and Rule 60(b) motion requesting relief from this Court's July 9, 1985 judgment dismissing plaintiffs' claim for damages and denying their claim for attorney's fees. In light of a recent First Circuit opinion on attorney's

fees, the Court grants plaintiffs' Rule 60(b) motion.[1] On reconsideration we find that plaintiffs are prevailing parties within the meaning of 42 U.S.C. § 1988, and are entitled to attorney's fees. The Court does not reconsider and hereby reaffirms its decision dismissing plaintiffs' claim for damages. Plaintiffs' Rule 59 motion for new trial is DENIED.

Plaintiffs are several corporations owning property on the island of Culebra. They brought this action for injunctive and monetary relief under 42 U.S.C. §§ 1983, 1985 and 1986 against defendants, members of the Puerto Rico Planning Board, members of Culebra's Conservation and Development Authority and Culebra's Mayor.

Between 1966 and 1970 plaintiffs individually purchased property on Culebra. Collectively, they own 406 cuerdas of land. In August, 1975 the Puerto Rico Planning Board rezoned the island of Culebra. As a result of their action the vast portion of plaintiffs' property was zoned "P", for public use only, and the remaining portion was zoned RO–25–C, for agriculture use. In November, 1977 plaintiffs submitted to the Planning Board their development plan to sell their property in 5 cuerdas lots and asked for a modification of the "P" zoning. This proposal was denied by the Board in December 1977, and the denial was reaffirmed in May, 1978.

Plaintiffs filed this action for injunctive and monetary relief in 1979. They claim that defendants' zoning regulation "froze" their property, preventing them from implementing their development plans without just compensation and in violation of due process. They allege that the regulation has no purpose and is arbitrary, capricious and in violation of the law. In support of this allegation, plaintiffs quote the deposition of defendant Luis E. Biaggi, a member of the Puerto Rico Planning Board:

Q. Which is the public use that was going to be given to these lands zoned as "P".

A. None, as I understand.

Q. None, so, in your opinion there is no public use considered, nor will it be considered in the lands of the plaintiff located in "P"?

A. No. that I understand.

Q. And what is the justification in this case for the "P", if there is no public use?

A. I don't know the reasons why the Board established... I indicated this ... previously.

Q. Look, you declare that you do not know of any public use for these lands zoned in "P".

A. Ahum.

Q. And that you have never known of that public use.

A. Yes.

Q. Since when do you know that, that there is no public use for these lands zoned "P"? That there is no public use considered? Since when this is of your knowledge?...

A. Since 1977 up to date.

(Plaintiffs' translation from Spanish.)

Following a series of settlement negotiations, the parties submitted to the Court a Partial Settlement Stipulation dated August 16, 1984. On July 16, 1984, the defendants, the Planning Board of Puerto Rico, approved an amendment to the zoning map of Culebra rezoning the property from "P" to "RO–25–C." This amendment became effective August 15, 1984. By the Settlement Stipulation defendants gave plaintiffs special authorization to sell their property in 5 cuerda lots in accordance with their plan for development. By this Settlement Stipulation plaintiffs succeeded on their claim for injunctive relief. However, they specifically reserved their rights to sections 1983 and 1988 damages and attorneys fees. Defendants denied all liability.

---

1. *De Arroyo v. Romero Barceló,* 765 F.2d 275 (1st Cir.1985) was issued June 26, 1985. This Court's decision, *Culebra Enterprises Corp. v.*

*Rivera Ríos, et al.,* 613 F.Supp. 146 (D.P.R.1985) was issued June 25, 1985.

In this Court's June 25, 1985 opinion we considered only plaintiffs' Section 1983 claim for damages and attorney's fees. We did not consider whether the claim for injunctive relief was valid because this claim had been mooted by the August Settlement Stipulation.

We dismissed plaintiffs' claim for damages on the grounds that plaintiffs were unable to establish a constitutional right or privilege deprived by defendants' zoning regulation. It is well settled in the First Circuit that a section 1983 claim for damages for violation of due process does not lie against a local planning board for rejecting a development proposal, whether or not the rejection was erroneous or in violation of state law. *Creative Environments, Inc. v. Estabrook,* 680 F.2d 822 (1st Cir. 1981); *Raskiewizc v. The Town of Boston,* 754 F.2d 38 (1st Cir.1985); *Chiplin Enterprises, Inc. v. City of Lebanon,* 712 F.2d 1524 (1st Cir.1983). Only by establishing a constitutional entitlement to the use of property or by establishing unconstitutional discrimination by local officials can a party make out a Section 1983 claim for damages. *See Creative Enterprises, Inc., supra; Roy v. City of Augusta, Maine,* 712 F.2d 1517 (1st Cir.1983) (plaintiff stated a 1983 claim against local officials who denied him an operating license in defiance of a state court ruling causing plaintiff to lose a business opportunity); *Cordeco Development Corp. v. Santiago Vazquez,* 539 F.2d 256 (1st Cir.1976) (Plaintiff established a 1983 claim against Puerto Rican officials for denying him a permit to extract sand, while granting such permits to a more influential politically connected rival). Plaintiffs here failed to establish a constitutional entitlement or unconstitutional discrimination and, so, their 1983 claim for damages was dismissed.

Since we dismissed plaintiffs' claim under section 1983, we held that plaintiffs were not "prevailing parties" within the meaning of section 1988, the attorney's fees act, and were not entitled to attorneys fees. On reconsideration of this decision denying fees, we must now consider plaintiffs' section 1983 claim for injunctive relief. We are presented with the issue whether a party to a settlement agreement concerning the injunctive relief, such as plaintiffs, may be considered "prevailing parties" under section 1988 even though the Court has issued a formal judicial order dismissing the claim for damages.

Section 1988 authorizes an award of attorneys fees to a party who prevails in a section 1983 action either for monetary or injunctive relief. The Civil Rights Attorney's Fees Act provides:

In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, the court, in its discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs.

The statute does not set forth a standard for determining when a party has prevailed for purposes of the Act. When a claim is settled by agreement of the parties prior to a formal judicial determination, plaintiffs may be considered a "prevailing party" for attorney's fees purposes if their lawsuit served as a catalyst to settle a significant issue in the litigation. *Nadeau v. Helgemoe,* 581 F.2d 275, 278–79 (1st Cir.1978), *see also, Coalition For Basic Human Needs v. King,* 691 F.2d 597 (1st Cir.1982); *De Arroyo v. Romero Barcelo,* 765 F.2d 275 (1st Cir.1985).

To determine whether plaintiffs are prevailing parties they must meet both a factual and legal test. *Nadeau,* at 281. The factual test is met with proof that the lawsuit and the attorneys' efforts were a "necessary and important factor" in achieving the settlement. *Id.,* at 281. The chronological sequence of events is an important factor in determining whether the defendants guided their actions in response to plaintiffs' suit. *Id.* The legal test requires plaintiffs to establish that the action was not "frivolous, unreasonable or groundless." *Id.* [quoting *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 422, 98 S.Ct. 694, 701, 54 L.Ed.2d 648 (1978)]. In *Christiansburg,* the Supreme Court explained this standard as claims which are

"unjustified" or "without foundation." *Id.* at 422, 98 S.Ct. at 701.

In *De Arroyo v. Romero Barcelo, supra,* issued the day after our opinion denying attorney's fees, the First Circuit clarified the legal prong of this two part test. Similar to the claim presented here, plaintiffs in *De Arroyo* filed a section 1983 action for damages and injunctive relief. They alleged that defendants had unreasonably restricted their property in preparation for a proposed highway when, in fact, defendants were aware that funding for the project was unavailable. After a series of settlement conferences, the parties reached an agreement removing the restrictions from their property. Plaintiffs then presented their claim for attorney's fees to the district court. The lower court found that plaintiffs had prevailed on both the factual and legal test. The First Circuit affirmed the award of attorney's fees.

The circuit court explained that "to meet the legal test the plaintiff need not establish a legal entitlement to the relief sought in the complaint." *Id.* at 283. It is enough for plaintiffs to establish that they had "at least a colorable claim." The court acknowledged that plaintiffs could not prevail on their claim for damages and a summary dismissal on the merits of this portion of plaintiffs' suit would have been appropriate. However, plaintiffs had a "colorable claim" for injunctive relief based on First Circuit decisions in *Pamel Corp. v. Puerto Rico Highway Authority,* 621 F.2d 33 (1st Cir.1980) and *Citadel Corp. v. Puerto Rico Highway Authority,* 695 F.2d 31 (1st Cir. 1982). *Pamel* held that a valid 1983 claim for injunctive relief could be made against a local planning board who enacts a zoning regulation which "exceeds the permissible bounds of police power ... [and] regulate with oppressive or arbitrary severity." *Accord, Citadel, supra.* Following this decision, the court in *De Arroyo* found that the excessive period during which the plaintiff's property was affected by the highway regulations, together with the absence of any valid explanation for the regulations, indicate that plaintiffs had a valid 1983 claim for injunctive relief. *Id.* at 283, [citing the district court opinion *De Arroyo v. Barcelo,* No. 80–2415 (D.P.R.1982) ].

In the present action plaintiffs succeeded on a significant issue of the litigation through the August, 1984 Settlement Stipulation. By this settlement defendants agreed to down zone plaintiffs' property and to authorize the sale of 5 cuerda lots in accordance with their development plan.

Plaintiffs have also met both prongs of the test used to determine an entitlement to attorneys fees. They are prevailing parties as a matter of fact because their attorneys were an important and necessary factor in achieving defendants' concessions. The attorneys actively pursued the litigation of the case until a settlement was reached. The agreement came about only after a series of settlement conferences and pre-trial meetings. Defendants argue that the lawsuit did not influence their decision to rezone Culebra from "P" to "RO–25C." Even though this were true, the lawsuit and the attorney's efforts were an important factor in obtaining from defendants a special authorization to sell the property in 5 cuerda lots in accordance with plaintiffs' development plan.

Plaintiffs also meet the legal test because their claim is neither "frivolous, unreasonable or groundless." The First Circuit has held in *Pamel, supra,* and *Citadel, supra,* that a valid section 1983 claim for injunctive or declaratory relief lies against a local planning board whose zoning regulations are "oppressive" or "arbitrary." Plaintiffs supported their claim for injunctive relief with evidence that the planning board had no reason or purpose for zoning their property "P." This "P" zoning remained in effect from 1977 to 1984 when it was rezoned as part of the settlement agreement. Evidence similar to this was sufficient to find a "colorable" claim for injunctive relief in *De Arroyo.* Though we previously held that plaintiffs had no valid section 1983 claim for damages, had we considered plaintiffs' action for injunctive relief at that time we would have found that plaintiffs had a "colorable" claim. On

reconsideration we find that plaintiffs are "prevailing parties" within the meaning of section 1988 and are entitled to attorneys fees. Consequently, Part III of this Court's Opinion and Order, 613 F.Supp. 146, denying plaintiffs' claim for attorney's fees is hereby VACATED AND SET ASIDE.

Plaintiffs are to submit a verified fee application within twenty days hereof. *See Grendel's Den, Inc. v. Larkin*, 749 F.2d 945 (1st Cir.1984).

IT IS SO ORDERED.